# Hurst & McWhorter *v.* Bell & Co.

*Special Action on the Case for Damages.*

1. *When appeal lies from nonsuit.*—An appeal is given by statute from a judgment of nonsuit, when taken on account of the adverse rulings of the court on questions arising during the trial which do not appear of record, and which must be reserved by bill of exceptions (Code, § 3112); but the statute does not apply to rulings on the pleadings, which are a part of the record proper.

2. *Conflict between judgment-entry and bill of exceptions.*—When there is a conflict between the judgment-entry and the bill of exceptions, as to matters of which the latter should properly speak, its recitals must control those of the judgment-entry.

3. *When action on the case lies.*—The principle is settled by repeated decisions, that an action on the case lies for the conversion, or illegal disposition of personal property, upon which the plaintiff had a mere lien, or equitable mortgage, on which he could not maintain an action of trover, trespass, or detinue.

4. *Mortgage or assignment of unplanted crops.*—At common law, unplanted crops, or other things not having an existence, actual or poten-

[Hurst & McWhorter v. Bell & Co.]

tial, were not the subject of sale, assignment, or mortgage; but, in a court of equity, such sale, assignment or mortgage creates an equitable interest, which attaches to the property when it comes into existence, or is acquired, and which the court will enforce and protect against all other persons than *bona fide* purchasers without notice; and for the conversion, or illegal disposition of the property, with notice of the lien, an action on the case may be maintained.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellants, suing as partners, against the appellees as partners, doing business under the firm name of N. J. Bell & Co.; and was commenced on the 19th May, 1882. The complaint contained the common count for money had and received, and a special count in these words: "Plaintiffs claim of defendants the further sum of two hundred dollars, for this: that on the 1st November, 1881, plaintiffs held and owned a promissory note executed to them by Green Cook and Willis Price, on the 17th November, 1880, and due October 1st, 1881, on which there was due on the 1st November, 1881, after allowing all proper credits, the sum (to-wit) of two hundred dollars; to secure which said sum so due on said note, plaintiffs held a conveyance, commonly called a mortgage, on certain personal property therein named, and also on the crop of cotton and corn which said Cook and Price might raise during the year 1881 on the plantation known as the 'Gilchrist place,' which was at that time held and occupied by said Cook under a lease for the year 1881. And plaintiffs aver that said mortgage was duly probated and recorded, in the probate office of Lowndes county, Alabama, on the 14th January, 1881; and that said defendants, having full notice and knowledge of plaintiffs' right to, and lien on said crop of cotton and corn, so raised by said Cook and Price on said place in 1881, by virtue of said mortgage, did, to-wit, on said 1st day of November, 1881, receive from said Cook, of said crop, to-wit, eighteen bales of cotton, and nine hundred bushels of corn, worth (to-wit) fifteen hundred dollars; which said cotton and corn, plaintiffs aver, was sold by said defendants for a large sum, to-wit, fifteen hundred dollars; which said sum, plaintiffs aver, was received therefor by said defendants. And plaintiffs aver that said defendants received said moneys, well knowing plaintiffs' right thereto under said mortgage, and failed and refused, and still fail and refuse, though often requested so to do, to pay the same to said plaintiffs, with interest thereon."

The judgment-entry is in these words: "Came the parties," &c.; "and the defendants' demurrer to the second count in the complaint is overruled, and their demurrer to the complaint because of a misjoinder of counts is sustained; and the plain-

22

[Hurst & McWhorter v. Bell & Co.]

tiffs amend their complaint, by striking out the first count. Thereupon, by leave of the court, plaintiffs take a non-suit, with leave to take a bill of exceptions, and move to have the same set aside in the Supreme Court. It is therefore considered by the court, that the defendants go hence without a day, and recover of the plaintiffs the costs by them expended; for which let execution issue," &c.

The bill of exceptions recites, that "the cause came on to be tried, on issue joined on the plea of not guilty, and thereupon the following proceedings were had: The plaintiffs introduced in evidence, with proof of its execution, a mortgage executed to them by Green Cook and Willis Price, on the 17th November, 1880, conveying to said plaintiffs all crops of cotton and corn to be raised and grown by said Cook and Price, during the year 1881, on a plantation in said county of Lowndes known as the Gilchrist place; and proved that said mortgage was deposited for registration, in the office of the probate judge of said county, on the 1st January, 1881, and was recorded in said office on the 14th January, 1881. The evidence tended to show, also, that said Green Cook had been in possession of said Gilchrist plantation, without cessation, for fourteen years, until this time; that such possession commenced in 1868, under a lease for one year; that he rented said lands, in January of each succeeding year, for said several years; that he had never ceased to cultivate said lands during said period of fourteen years; that he would speak to the landlord, before January of each year, about his continuing on the land for the current (?) year, but made no contract for the rent until after the 1st January of each year; and that the contract for the rent of the year 1881 was made in February of that year. The evidence tended to show, also, that said Cook raised on said land, during the year 1881, a crop of cotton and corn; and that, after paying the rent, a portion of said cotton, some six or seven bales, were sold and delivered to said defendants, who sold the same for ten cents per pound. The court thereupon charged the jury, that if Cook did not own the land, and if he held it under a renting for the year 1880, and at the time plaintiffs' mortgage was executed had no contract of rent with the landlord for the year 1881; then the crops which said Cook contemplated raising on said land in 1881, and which were then unplanted, were not the subject of sale or mortgage in November, 1880." The plaintiffs excepted to this charge, and then requested two charges in writing, which asserted, in substance, that on the facts stated Cook "had such an interest in the lands as to constitute the crops grown thereon in 1881 a proper subject of a mortgage." The court refused these charges, and the plaintiffs duly excepted to their refusal; "and thereupon," as

the bill of exceptions then recites, "the plaintiffs took a non-suit, with leave to move to set the same aside in the Supreme Court."

The charge given, and the refusal of the charges asked, are now assigned as error.

R. M. WILLIAMSON, with COOK & ENOCHS, for appellants.

WATTS & SONS, *contra.*   (No briefs on file.)

BRICKELL, C. J.—1. The motion to dismiss the appeal can not be sustained.   Originally, an appeal or writ of error would not lie from a judgment founded on a voluntary nonsuit, though the plaintiff elected to submit to it in consequence of decisions and rulings of the court adverse to his right of re-covery.   The statute now (Code of 1876, § 3112) authorizes submission to a nonsuit, and the review on bill of exceptions of the ruling or decision compelling the plaintiff to that course, or to submission to a final judgment barring another suit.   The construction the statute has received is, that it is limited to such rulings and decisions of the court as are the proper matter of a bill of exceptions, and which, without a bill of exceptions, can not properly appear of record.   To decisions made on de-murrers to pleadings, which necessarily form part of the re-cord, the statute does not apply, and an appeal will not lie from a judgment on a nonsuit taken in consequence of such decis-ions.—*Palmer v. Bice,* 28 Ala. 430; *Paulling v. Marshall,* 47 Ala. 270; *Darden v. James,* 48 Ala. 33.   It is recited in the judgment-entry in this case, that the nonsuit was taken in consequence of the rulings of the court below on the demurrer to the complaint; and if the recital stood alone, or if the con-trary was not otherwise shown clearly by the record, the mo-tion to dismiss the appeal would be well taken.   There is, however, a bill of exceptions taken to instructions to the jury given and refused by the court below, which is concluded with the recital, that, after the giving and refusal of the instructions, the plaintiff submitted to a nonsuit, with leave to move to set aside the same in this court.   If the recital in the judgment-entry were taken as true in point of fact, the record would present the anomaly of a trial before a jury, after the cause was out of court in consequence of a nonsuit having been taken by the plaintiff; for, of course, the decision upon the demurrer to the complaint must have preceded the trial before the jury. It is essential that the record should affirmatively show that submission to the nonsuit was in consequence of the adverse rulings of the court; that it was not the mere election of the plaintiff to forbear the further prosecution of the suit.—1

[Hurst & McWhorter v. Bell & Co.]

Brick. Dig. 88, § 52. The case is one, of not infrequent oc-currence, where there is a conflict between the judgment-entry and the bill of exceptions, as to matters of which the bill ought to speak; and in such cases, the rule is well settled, that the recitals of the bill must be taken as true.—1 Brick. Dig. 252, § 139.

3. After the demurrer to the complaint, for a misjoinder of counts, was sustained, and the first count was stricken out, a single count was left, upon which the trial was had before the jury. The count is in case, for the conversion by the defend-ants, by sale, of cotton on which the plaintiffs claimed to have an equitable mortgage, of which the defendants had notice. It has been decided repeatedly in this court, that case is the appropriate remedy to recover damages for the conversion of chattels, upon which a party has a mere lien, or an equitable mortgage. Not having the legal title, upon which trover, tres-pass, or detinue could be supported, case lies, upon the general principle, that as there is a tortious act, from which damage results, the law must furnish a remedy; and as the established forms of action are inappropriate, case will be maintained, rather than the wrong shall go unredressed.—*Kelly v. McCaw*, 29 Ala. 231; *Hussey v. Peebles*, 53 Ala. 432; *Lomax v. Le-Grand*, 60 Ala. 537; *Rees v. Coats*, 65 Ala. 256; *Grant v. Steiner*, *Ib.* 499; *Elmore v. Simon*, 67 Ala. 526.

4. The mortgage was executed in November, upon a crop of corn and cotton to be grown the succeeding year on a desig-nated plantation, then in the possession of the mortgagor, un-der a lease for the year, and which he contemplated renting the next year, but had not made any contract therefor. The court instructed the jury, that, under these facts, the unplanted crops were not the subject of sale or mortgage. It is true, that un-planted crops, or other things not having an existence actual or potential, but the future acquisition of which is merely ex-pected or contemplated, are not the subject of sale, assignment, or mortgage, according to the common law. A different doc-trine, however, prevails in a court of equity. The sale, or mortgage, or assignment, does not pass the legal title to such property, unless, after it comes into existence, the vendor or mortgagor shall do some new act for the purpose of ratifying or carrying it into effect. Nevertheless, it creates an equitable interest, attaching to the property when it is acquired, or when it comes into existence, that a court of equity will enforce and protect against all persons other than *bona fide* purchasers with-out notice.—*Abraham v. Carter*, 53 Ala. 8; *Booker v. Jones*, 55 Ala. 266; *Stearns v. Gafford*, 56 Ala. 544; *Thrash v. Ben-nett*, 57 Ala. 156; *Grant v. Steiner*, 65 Ala. 499. Though the mortgagor had not, at the time of the mortgage, rented the

[Pearce v. Gamble & Bolling.]

lands on which the crops were to be grown, and the renting, like the crops which were to be grown, rested in mere expectancy; yet by the mortgage, which was founded on a valuable consideration, a lien or charge was created, which, in a court of equity, and upon plain principles of right and justice, attached to the crops as they came into existence, when the lands were rented subsequently. In view of the evidence, so far as it is recited in the bill of exceptions, the instruction is erroneous. The jury could have accepted it in no other sense than as operating the utter invalidity of the mortgage.

This error compels a reversal of the judgment, and the setting aside of the nonsuit; and the cause will be remanded.