# Paden & Co. *v.* Bellenger & Ralls.

*Action on the Case by Mortgagee, for Conversion of Cotton.*

1. *Mortgage on future crops.*—A mortgage executed in November, 1886, conveying the mortgagor's "entire crop to be grown in the year 1887, on my own or any other land in said county," does not convey the crop raised on a tract of land which did not then belong to the mortgagor, and in which he had no interest, though he afterwards bought it.

2. *General charge, when evidence is conflicting.*—When there is a conflict in the evidence as to a material fact, it is the right of the jury, if they can not reconcile the evidence, to accept either aspect as true; and a general charge in favor of either party is an invasion of this right.

3. *Liability of partnership for act of partner.*—A recovery can not be had against a partnership, for the conversion of cotton on which plaintiff claims an equitable lien, merely on proof that one of the partners bought it, not showing that he bought it on partnership account, or that the partnership had anything to do with it.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

A. E. GOODHUE, for appellant, cited *Burns v. Campbell*, 71 Ala. 288; *Varnum v. Slate*, 78 Ala. 28; *Mayer & Co. v. Taylor & Co.*, 69 Ala. 405; *Purcell v. Mather*, 35 Ala. 572; *Grantham v. Hawley*, Hob. 132; *Low v. Pew*, 108 Mass. 347; *Otis v. Sill*, 8 Barb. 112; Herm. Ch. Mortgages, § 46; *Pennock v. Coe*, 23 How. 117; *Hussey v. Peebles*, 53 Ala. 435; *Lomax v. LeGrand*, 60 Ala. 542; *Hurst & McWhorter v. Bell*, 72 Ala. 337.

R. A. D. DUNLAP, *contra*, cited *Booker v. Jones*, 55 Ala. 271; *Abraham v. Carter*, 53 Ala. 8; *Floyd v. Morrow*, 26 Ala. 353; *Smith v. Field*, 79 Ala. 335; *Leslie v. Hinson*, 83 Ala. 266; Jones Ch. Mortgages, 174.

McCLELLAN, J.—This is an action on the case, for the wrongful conversion by John S. Paden & Co. of certain cotton, on which the appellees, plaintiffs below, claim to have an equitable mortgage. According to the unbroken current of our decisions, as well as by the weight of authority in other States, it is essential to the creation of such an incumbrance, that its subject-matter should have a potential exist-

]Paden & Co. v. Bellenger & Ralls.]

ence, as distinguishable from a mere possibility, or expectancy on the part of the contracting parties, that it will come into being. While the thing itself need not have identity, or separate entity, yet it must at least be the product, or growth, or increase of property, which has at the time a corporal existence, and in which the mortgagor has a present interest, not a mere belief, hope or expectation, that he will in future acquire such an interest.—*Varnum v. State*, 78 Ala. 30; *Mayer v. Taylor*, 69 Ala. 403; *Grant v. Steiner*, 65 Ala. 499; *Burns v. Campbell*, 71 Ala. 288; *Low v. Pew*, 108 Mass. 347; *Otis v. Sill*, 8 Barb. 112; *Pennock v. Coe*, 23 How. 117; Herman Chattel Mortg., § 46.

The mortgage involved here was executed November 15, 1886. It in terms conveys the "entire crop" of the mortgagor; "to be grown in the year 1887, on my own land, or any other land in Etowah county." The cotton alleged to have been converted was grown on land which did not belong to the mortgagor when the instrument was executed. Whether it was the product of land in which the mortgagor had an interest at that time, the evidence is conflicting. The testimony of the mortgagor tended to show that he had no interest whatever in the land until after November 15, 1886. The testimony of other witnesses tended to establish the fact of such interest at that time. It was the province of the jury to reconcile this conflict, if they could, and failing in that, they had a right to accept as true either aspect of the evidence. The affirmative charge given at plaintiffs' request took away this right. This was error, which must work a reversal of the case.—*Carter v. Shorter*, 57 Ala. 253; *Belisle v. Clark*, 49 Ala. 98.

The action is against a partnership, composed of John S. Paden and another. The evidence shows that the cotton was sold to Paden, and that he was a member of this partnership; but there appears to have been no evidence that he bought the cotton as a member of the partnership, or on joint or partnership account. In the absence of some proof of this character, the general instruction, that a verdict against the defendants be brought in, should not have been given.

It may be, too, that the failure or absence of proof that the cotton had in fact been converted by the defendants—sold or disposed of in such sort that plaintiffs could not enforce their lien against it—the general charge should not have been given.—*Thompson v. Powell*, 77 Ala. 392. We,

[Berney National Bank v. Pinckard, DeBardelaben & Co.]

however, rest the decision of the case on the first point stated above.

Reversed and remanded.