# Windham & Co. *v.* Stephenson & Alexander.

*Action for Damages for Destruction of Lien.*

(Decided June 30, 1908.  47 South. 280.)

1. *Chattel Mortgages; Lien; Purchase of Property by Third Person.*—A mere purchase by one of property on which another holds a chattel mortgage lien is not of itself wrongful, as destructive of the other's lien, so as to sustain an action on the case therefor.

2. *Same; Lien; Crop.*—The mortgagor must own or have some interest in the lands on which the crops are to be grown to create a lien on the crops to be grown by the giving of a mortgage thereon, and notwithstanding the mortgage when given covers crops to be raised each successive year until the debt is paid, the mortgagee acquires no lien on the crops of subsequent years raised on land in which the mortgagor had no interest at the time of the execution of the mortgage.

APPEAL from Lawrence Cirsuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Windham & Co. v. Stephenson & Alexander, for the destruction of a mortgage lien on certain property, the facts concerning which sufficiently appear in the opinion of the court. Judgment for defendants and plaintiff appeals. Affirmed.

D. C. ALMON, and J. M. IRWIN, for appellant. The defendants had notice of the existence of the mortgage. —*Truss v. Harvey,* 120 Ala. 636. The court erred in giving the affirmative charge for the defendants.

G. O. CHENAULT, for appellee. The mortgagor had no interest in the land on which the crops were grown at the time of the execution of the mortgage, and hence, the mortgagee acquired no lien on the crop to support his present action.—*Burns v. Campbell,* 71 Ala. 288; *Christian Craft Groc. Co. v. Michael,* 121 Ala. 87; *Karter v. Fields,* 140 Ala. 364. It follows that the court committed no error prejudicial to appellant.

HARALSON, J.—The plaintiffs, Windham & Co., sued the defendants, Stephenson & Alexander, in an action on the case, to recover $100 damages for an alleged wrongful removal and disposition of 2 bales of cotton and 50 bushels of corn, upon which plaintiffs claim to have a lien by virtue of a mortgage executed on the 18th of February, 1903, by Charles Daugherty to Tollie Hodges, and which was by the latter, for value received, transferred, on the 19th of February, 1903, to the plaintiffs. The mortgage was, to repeat its language, on "the entire crop of cotton and corn, fodder, grain or other articles of any kind, raised or to be raised by me and

[Windham & Co. v. Stephenson & Alexander.]

family during the year 1903, also the crops raised each successive year until the debt hereby secured is paid in full."

The undisputed evidence shows that Charles Daugherty was farming in 1903, on land rented by him from said Hodges; and on February 18th of that year he executed to said Hodges a note for $100, payable on the 15th of October following; and to secure said note, he, at the same time, executed a mortgage on his crop of that year, which note and mortgage, as stated, were for value transferred the day after their execution, to the plaintiffs, and it is under this mortgage they claim to be entitled to prosecute this suit.

As stated, said mortgage, besides conveying his crop of that year, contained the clause—"Also the crops raised each successive year, until the debt hereby secured is paid in full." It is under the latter clause that the plaintiffs claim a lien upon the cotton and corn in controversy.

This clause, prima facie and presumptively, upon its face, in connection with the other facts of said mortgage conveying the crops of that year, would refer to the crop in after years grown on the same premises that the crop of 1903 was raised upon.

At the date of the execution of said mortgage Daugherty owned no land of his own and was renting land upon which he was then cropping from said Hodges.

The cotton and corn to which the suit relates were raised by Daugherty in the year 1906, three years after the crop which he was raising, in 1903, on land rented from Hodges,—and on land rented in 1906 from one W. C. Wallace. At the time of the execution of said mortgage —February 18, 1903,—as appears and as stated, Daugherty not only owned no lands of his own, and had no others rented, but had no interest in the lands, by lease

or otherwise, on which he farmed in 1906, which lands he afterwards rented from said Wallace, and on which the cotton and corn in controversy were raised. The defendant bought from said Daugherty, as is shown without conflict in evidence, the said 2 bales of cotton and 50 bushels of corn, part of the crop raised by him in 1906, on the Wallace lands, shown to be worth $100.

It 'may be stated in passing, that plaintiffs aver, "which said cotton and corn defendants sold and removed, or caused to be removed beyond plaintiffs' reach, or caused the same to be so mixed with other corn and cotton as to be indistinguishable therefrom, by reason of which said unlawful acts of the defendants, plaintiff is prevented from enforcing his said lien thereon under his said mortgage."

Waving, for the present, consideration of the question as to whether plaintiffs had a lien on said crops, it would seem that they were bound to make the truth of this averment in their complaint, reasonably to appear. There is, however, an absence of any evidence in support of this averment; and from aught appearing, defendants had said cotton and corn, separate from any other in the same condition as when they bought it, at the time this suit was brought and at the time of the trial of this case. No reason is shown for making it appear that plaintiffs' lien, if they had one, had been destroyed and could not be enforced. No facts or circumstances are proven, further than that they bought said property from Daugherty, which tend to show, that defendants have done any acts with reference to the property in question; and the mere fact of their purchase, without more, was not wrongful as destructive of plaintiffs alleged lien.

As to said alleged lien, in order to establish it, it is held, that "while the thing itself need not have identity, or separate entity, yet it must at least be the product, or

growth, or increase of property, which has at the time a corporal existense, and in which the mortgagor has a present interest, not a mere belief, hope or expectation, that he will in the future acquire such an interest."— *Paden v. Bellenger,* 87 Ala. 576, 6 South. 351; *Ala. S. Bank v. Barnes,* 82 Ala. 619, 2 South. 349; *Varnum v. State,* 78 Ala. 30; *Burnes v. Campbell,* 71 Ala. 278; *Mayer v. Taylor,* 69 Ala. 403, 44 Am. Rep. 522; *Grant v. Steiner,* 65 Ala. 499.

"If a tenant should mortgage such crops as might be raised or grown by him on some indefinite place which he expected to rent, the conveyance would, we apprehend, be inoperative and void, as an attempted conveyance of a mere possibility or expectancy, not coupled with any interest in, or growing out of property."— *Burns v. Campbell,* 71 Ala. 278.

"A mortgage of subsequently acquired property, especially by general terms of description, which is not the product, increase or accretion of something already owned by the mortgagor, amounts to nothing more than a mere agreement to give a future mortgage. It confers no specific lien on such after-acquired property."— *Christian & C. G. Co. v. Michael,* 121 Ala. 87, 25 South. 573, 77 Am. St. Rep. 30.

In *Karter v. Fields,* 140 Ala. 364, 37 South. 207, in reference to the facts in that case, similar to the ones here, it was held: "Whether the mortgage of 1890 from Persall to Fields, vested the latter with a lien on crops grown in 1893, depended upon whether Persall was the owner of the land on which the crops were grown in 1893, when he executed the mortgage in 1890."

Applying these principles to the case in hand, it would seem, that to create a lien on crops to be grown, the mortgagor must have owned or had some interest in the lands on which the crops were grown, and if Daugherty,

in February, 1903, had no interest in the lands upon which the crops of 1906 were grown, at the time he executed the plaintiffs' mortgage,—and it is not pretended he had any such interest,—these plaintiffs had no lien on the crops grown in 1906, and would have no grievance against defendants, no matter what they did with the crops purchased by them from Daugherty. As to these crops, as was said in *Burns v. Campbell, supra,* the mortgage was "inoperative and void, as an attempted conveyance of a mere possibility or expectancy, not coupled with any interest in or growing out of property."

We find no error in the charge given for the defendants, nor in refusing the one requested by plaintiffs, which are the only errors assigned.

Affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.

