# J. H. Anders Mercantile Company *v.* Rice Bros.

## *Destroying Lien.*

(Decided April 21, 1914. Rehearing denied June 4, 1914.
65 South. 388.)

1. *Mortgages; Crops; Estate and Interest.*—Where, at the time the mortgages were executed, the crop on which it was given, was not in existence, the mortgagee did not acquire a legal title thereto, but acquired an equitable right or lien.

2. *Same; Destroying Lien; Notice.*—The fact that the record of plaintiff's mortgage showed the mortgagor to be "Sammie" Prewitt, when in fact his name was "Soonie," did not render the record inadmissible, as it was open to the jury to infer that the variance was a mere clerical error, there being evidence that defendant had actual notice of the mortgage when it acquired its subsequent mortgage.

3. *Same; Possessory Interest in Land.*—The evidence examined and held to sustain a finding that at the time of the execution of plaintiff's mortgage the mortgagor had such a possessory interest in the land as authorized him to execute a mortgage on the crops to be thereon grown.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Action by Rice Brothers, a partnership, against J. H. Anders Mercantile Company, for damages for the destruction of a lien of a mortgage on certain cotton. Judgment for plaintiff and defendant appeals. Affirmed.

WRIGHT & FITE, for appellant. The court erred in admitting in evidence the record of the mortgage from Sammie Prewitt where the cotton was shown to have been grown by Soonie Prewitt, and also in giving charge 1 for plaintiff.—*McNeel v. Henderson,* 55 South. 269; *Farmers Union v. McIntosh,* 56 South. 102; *Burns v. Campbell,* 77 Ala. 271. Plaintiff had not acquired the legal title as his mortgage was given before January 1, but defendant had the absolute legal title vested in

[J. H. Anders Mercantile Company v. Rice Bros.]

it prior to the time the equitable lien came into existence.—§ 4894, Code 1907.

OLIVER, VERNER & RICE, and H. L. SMITH, for appellee. The record was constructive notice and in view of the evidence of actual notice, was properly admitted in evidence.—*Windham v. Stephenson,* 156 Ala. 342. In any event, it is a mere clerical error for which appellee was not responsible.—*Chapman v. Johnson,* 142 Ala. 633; *Phillips v. Phillips,* 4 Ala. App. 111; *Carter v. T. C. & I. Co.,* 61 South. 65. The court properly gave charge 1.—*Collier v. Faulk,* 69 Ala. 58; *Fields v. Carter,* 121 Ala. 331; *Windham v. Stephenson, supra.* The evidence was sufficient to require a submission to the jury on the question of the possessory interest of the mortgagor in the land, such as to authorize his mortgaging the crop.

MAYFIELD, J.—Appellees brought an action of case against appellant, to recover damages for the destruction of a lien created by mortgage on several bales of cotton.

Appellant claims title to the cotton by virtue of a mortgage executed on the 1st day of January, 1910; and appellees claim by virtue of a prior mortgage executed in July, 1909. The cotton was grown during the year 1910, and consequently plaintiffs did not acquire the legal title by virtue of the prior mortgage of 1909, but, at best, only an equitable right or lien, of which it is claimed the defendant had actual and constructive notice. The trial resulted in verdict and judgment for plaintiffs, from which judgment the defendant prosecutes this appeal.

The first error insisted upon is in the allowing of proof of the mortgage record under which plaintiffs

claim a lien upon the cotton acquired by the defendant under a subsequent mortgage. The mortgagor through whom both parties claim title was *Soonie* Prewitt. The record showed the mortgagor to be "Sammie" Prewitt. Because of this variance as to the Christian name of the mortgagor, the defendant objected to the introduction of the mortgage record; and it is insisted that the admission of this record as evidence was reversible error. There was proof that "Soonie" Prewitt executed the mortgage under which plaintiffs claim, and that it was filed for record on the day it was executed, viz., the 14th day of July, 1909, and that the mortgage was lost and could not be found; and it was open to the jury to infer that this variance as to the Christian name was a mere clerical error made in copying the mortgage into the record. There was likewise evidence that the defendant had actual notice of this mortgage when it acquired its subsequent mortgage of January 1, 1910, under which it claimed title to the cotton in question, grown by the mortgagor "Soonie" Prewitt. This being true, there was no error in admitting the record of plaintiffs' mortgage in evidence.—*Chapman & Co. v. Johnson,* 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559. In the above-cited case the effect and object of the statute as to recording conveyances was quoted and stated as follows:

"The object and effect of the statute are clearly to place the conveyance, as soon as the grantee has discharged his entire part in procuring the record, by having it properly proved or acknowledged and delivered to the officer, in the same attitude as if it were spread upon the record book. This statute relieves a party, who has done all that is devolved upon him by the law, from the consequence of the failure of the probate judge to discharge his duty, or of the imperfect manner in

[J. H. Anders Mercantile Company v. Rice Bros.]

which he discharges it. The conveyance being operative as a record from its delivery to the judge, no subsequent mistake of his could deprive it of the operation thus given it by the law."

"In the case of [*Seibold v. Rogers*] 110 Ala. 438 [18 South. 312], the court said: 'The delivery of the instrument to the probate judge for record was all that was required of the plaintiff (mortgagee), to give notice of his lien., He was not required to supervise the act of the probate judge in recording the paper, and hence it is immaterial as far as the plaintiff's rights are concerned, that the recording officer committed an error in writing the mortgagor's name Cavis instead of Davis upon the mortgage record.' It is further stated by the court, substantially, that the conclusion reached could not be otherwise without disregarding the express language of the statute.—*Leslie v. Hinson,* 83 Ala. 266 [3 South. 443]; *Fouche v. Swain,* 80 Ala. 151; *Heflin v. Slay,* 78 Ala. 180; *McGregor v. Hall,* 3 Stew. & P. 397."

The trial court at the request of the plaintiffs in writing charged the jury as follows:

"(1) The court charges the jury that if they believe from the evidence that the plaintiffs in this case held a valid mortgage executed in the year 1909 by Soonie Prewitt, upon all the crops raised by him during the year 1909, and each year thereafter until all the amounts secured by said mortgage was paid, and that said mortgage was placed upon record in the probate office of Tuscaloosa county, Ala., prior to the execution of the mortgage by Prewitt and Jones to the defendants, and if they are further satisfied from the evidence that there is a balance due on the mortgage given to the plaintiffs, then they must find a verdict for the plaintiffs unless they are further satisfied that the plaintiffs had waived their lien."

This charge probably possessed some misleading tendencies, but, if so, it could have been, and we think it was, cured of such tendencies by other requested charges. It is earnestly insisted by appellant that the charge was erroneous and prejudicial, as applied to the evidence, because the mortgagor was not shown to have had any interest in the land on which the crops in question were grown, at the time the mortgage on the crops to be grown in the future was executed to plaintiffs. In this we think the appellant is in error. The evidence does show, or tend to show, that "Soonie" Prewitt, at the time in question, had an interest in the land, such as would authorize him to execute a mortgage on the crops to be grown thereon in the future, such mortgage creating a lien on the crops as against parties who had notice of its execution.

Ike Jones testified in part as follows:

"I worked with Soonie Prewitt, the person who made the mortgage to plaintiff, and we made a crop together on the Barber place, in Tuscaloosa county, Ala., in the year 1910. At this time Soonie Prewitt was living on this land with his wife, Julia Barber Prewitt (the widow of one John Barber), and had been living there for five or six years. Soonie Prewitt had been cultivating this land for quite a number of years, and he had me and other persons cultivate a part of it in 1910. * * * The Barber lands belonged to Julia Prewitt, but Soonie Prewitt and I farmed together for the year 1910, and raised the crops sold and delivered to defendants."

The president of the defendant company J. H. Anders, testified that:

"The cotton delivered to us was grown by the said Jones on the lands rented by him from Soonie Prewitt in 1910."

Therefore, Prewitt certainly had a possessory interest in the land when he executed the mortgage to Rice

Bros. (appellees) in July, 1909, and the equitable lien on the crop of 1910, given by such mortgage, attached as soon as such crop came into existence.—*Collier v. Faulk,* 69 Ala. 58; *Fields v. Karter,* 121 Ala. 331, 25 South. 800; *Windham v. Stephenson,* 156 Ala. 342, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102.

Charge 1, given at the request of plaintiffs, was not reversible error. If it had any misleading tendencies, it could have been, and we think was, corrected, by other and counter charges which were given.

These are all the errors insisted upon, and we find none sufficient to warrant a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and GARDNER, JJ., concur.

