# Sellers & Orum Co. *v.* Hardaway, *et al.*

## *Destruction of Mortgage Lien.*

(Decided November 7, 1914. 66 South. 460.)

*Mortgages; Validity; Crops.*—Where, at the time of the execution of the mortgages, the mortgagor has no valid lease of the land where the crop was to be grown, but was merely negotiating for the lease, the mortgage upon the crops to be grown was not valid as the crop at that time had no potential existence.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

[Sellers & Orum Co. v. Hardaway, et al.]

Action by the Sellers & Orum Company against J. H. Hardaway and others, for damages for the destruction of a mortgage lien. Judgment for defendants and plaintiff appeals. Affirmed.

WEIL, STAKELY & VARDAMAN, for appellant. A mortgagor need not have an interest in the land at the time of the exception of the mortgage if he shall have made an arrangement or understanding with the owner of the land on which he can base a reasonable belief that he will acquire an interest in the land.—*Hearst v. Bell,* 72 Ala. 336; *Young v. Hall,* 58 South. 789. The several instruments executed at the same time and as a part of the same contract should be construed together.— *Chambers v. Marks,* 9 South. 74; *Commercial Bank v. Crenshaw,* 15 South. 741.

WALTON H. HILL, for appellee. The most that Mc-Bride had at the time of the execution of the mortgage was a hope or expectancy, and hence, the mortgage was not valid.—*Paden v. Bellenger,* 87 Ala. 576; *Burns v. Campbell,* 71 Ala. 288; *Christian Co. v. Midhael,* 121 Ala. 87; *Windham v. Alexander,* 156 Ala. 341.

McCLELLAN, J.—Repeated decisions in this court have established the doctrine that it is essential to the effectual creation of a mortgage on crops to be grown— "that its subject-matter should have a potential existence, as distinguished from a mere possibility, or expectancy on the part of the contracting parties, that it will come into being. While the thing itself need not have identity, or separate entity, yet it must at least be the product, or growth, or increase of property, which has at the time a corporeal existence, and in which the mortgagor has a present interest, not a mere belief, hope, or expectation that he will in future acquire such

an interest."—*Paden v. Bellenger,* 87 Ala. 575, 6 South. 351; *Burns v. Campbell,* 71 Ala. 271, 288; *Windham & Co. v. Stephenson & Alexander,* 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102.

This is an action by the assignee of a mortgage against the purchaser of cotton from a tenant, and grounds the complaint upon the destruction of the asserted lien of the mortgage; the instrument having been, previous to the purchase, seasonably. recorded in the county wherein the wrong alleged was committed. The contention of the defendants is that at the time the mortgage in question was executed the mortgagor had no such interest in the lands mentioned therein as could render the subject of mortgage the crops *to be* grown thereon. The court below approved this contention, which conclusion cast the result against the plaintiffs (appellants). Our view is that the ruling of the trial court was well made. The evidence bearing on this inquiry is as follows:

James McBride, witness for the plaintiff, being duly sworn, testified as follows: "My name is James McBride, and I reside in Elmore county, Ala., on a part of what is known as the 'Smith Place' in Elmore county, Ala. I lived on this same land during the year 1912 and worked said land on shares with one Robert Wilson, who rented said lands from Mr. Smith, the owner of said Smith Place. Some time in December, 1912, I went to said Robert Wilson who had rented said lands for the year 1913 from said Mr. Smith, and I told said Robert Wilson that I wanted to subrent from him for the year 1913 the lands that I had been working on shares with him for the year 1912. He told me that he would subrent me said lands if I would furnish a mule and make arrangements with some one for advances to make my crop for the year 1913. I then secured a mule,

and on the 27th day of December, 1912, executed to C.
E. Goodman, for the purpose of securing advances to
make my crop for the year 1913, the following describ-
ed note and mortgage hereinafter set out. *  *  *
The mule named in said mortgage was the mule which I
had secured to work my crops for the year 1913. At the
time said note and mortgage were executed, I had gath-
ered my 1912 crop, and had marketed same and said
note and mortgage were made by me for the purpose of
securing advances with which to make and market my
1913 crop, and it was so understood by the said C. E.
Goodman. About the 1st of February, 1913, I went to
said Robert Wilson, and told him that I had secured
my mule and had made arrangements for advances for
the year 1913, and he then subleased to me for the year
1913 the lands on which I am now residing, viz., said
part of said Smith Place which I had worked on shares
with said Robert Wilson during the year 1912. I then
planted and made my 1913 crop on said lands. After I
had gathered my crop of cotton made from the lands
which I had so rented from said Robert Wilson, I de-
livered seven bales of said cotton to the defendants in
this case about October 15, 1913. The value of said
bales of cotton so delivered by me to the defendants
amounted to $450. The defendants in this case reside
in Montgomery county, Ala., and said bales of cotton so
received by the defendants from me were delivered to
the defendants in Montgomery county, Ala."

It is clear from this evidence that at the time of the
execution of the mortgage, viz., December 27, 1912, no
contract or binding engagement existed between Mc-
Bride and Wilson, for the renting, by the former from
the latter, of land which the latter had rented from
Smith. Up to February 1, 1913, the matter rested, at
most, in negotiation. McBride proposed to rent from

Wilson, but Wilson did not accept his proposal. On the contrary, he replied by fixing conditions which ex vi termini postponed the effectuation of an engagement until a later occasion, an occasion that came on February 1 ,1913, some weeks subsequent to the date of execution of the mortgage.

The insistence for appellant cannot be accorded support by *Hurst v. Bell,* 72 Ala. 336, 340-341. In *Fields v. Karter,* 121 Ala. 329, 333, 25 South. 800, the pertinent feature of *Hurst v. Bell, supra,* was pointedly criticized; and, when the presently pertinent observations in *Hurst v. Bell* are considered in connection with earlier and later decisions on the subject, they appear to be distinctly *out* of line. The decision of the court of appeals in *Young v. Hall,* 4 Ala. App. 603, 58 South. 789, expressed no departure from the doctrine of the cases first cited in this opinion.

The mortgagor not having had, on December 27, 1912, such an interest, as the result of rental contract, in the land then rented by Wilson as would afford subject-matter for the mortgage in question, it was a nullity, and, in consequence, fixed no lien in favor of Goodman or his assignee, the appellant, that could be the subject of wrongful destruction by the appellees.

The judgment is therefore affirmed.

Affirmed.

Sayre, de Graffenried, and Gardner, JJ., concur.