[Littleton v. Abernathy.]

# Littleton *v.* Abernathy.

### Trial of Right of Property.

(Decided November 4, 1915.  70 South. 282.)

1. **Mortgages; Priority; Judgment Creditors.**—Under the provisions of § 6039, where there was evidence that the claimant had a mortgage on crops to be grown during the succeeding year by the mortgagor, that the mortgagor was in possession of the land in the first year of a three year verbal lease, and that a balance was due under the mortgage, it was error to direct a verdict for the execution plaintiff as an execution creditor of the mortgagor, the action being between such execution creditor, and the mortgagee to try title to property.

2. **Same; Crops; Interest.**—A mortgage of crops in futuro is valid only where the mortgagor had a present interest in the land upon which the crops were to be raised at the time he executed the mortgage.

3. **Same.**—Notwithstanding the conflicts in the testimony of the mortgagor, it was a question for the jury to determine, under the evidence whether the mortgagor had a present interest in the land on which the crops were raised at the time of the execution of the mortgage.

4. **Same; Validity.**—A mortgage of crops in futuro by a tenant in possession under a lease for the current and the following year is good as against parties having notice thereof.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

E. E. Abernathy had judgment against W. J. Wright, and had execution thereon levied on certain crops as the property of said Wright, whereupon L. D. Littleton interposed a claim to the property under and by virtue of title conveyed by a chattel mortgage. From a judgment for the execution creditor, claimant appeals. Reversed and remanded.

Transferred from the Court of Appeals under act creating same.

E. B. & K. V. FITE, for appellant. WALTER NESMITH, for appellee.

SAYRE, J.—(1) Trial of the right of property under section 6039 of the Code. The subject of controversy was some corn and cotton seed. Plaintiff (appellee) was a judgment cred-

[Littleton v. Abernathy.]

itor of W. J. Wright, and her execution was levied November 22, 1912. Appellant interposed his claim, relying upon a mortgage from Wright dated January 21, 1911, and recorded two days later. This mortgage conveyed "all of my crops of corn, cotton, and all other produce I may raise, or cause to be raised, or that may accrue to me in any legal manner during the year 1911, and every year thereafter until this debt is fully satisfied." At the time of its execution the mortgagor was in possession of the land on which the stuff in controversy was raised under a verbal lease for a term of three years beginning in the then current year. It is not disputed that he remained in possession of the land during 1911 and 1912, and the corn and cotton seed in dispute were raised there during the year 1912. Evidence for the appellant tended to show a considerable balance due on his mortgage debt. On his version of the attendant facts appellant acquired by his mortgage an equitable right and title in the crops of 1912 (*Anders Mercantile Co. v. Rice Bros.*, 187 Ala. 468, 65 South. 388,. and cases cited), and on that right he was entitled to prevail under the statute (section 6039 of the Code). It follows that the court committed error in giving the general charge for the plaintiff in execution, appellee.

(2-4) We have no brief for appellee, and we are not advised, except by inference from appellant's brief, as to the theory upon which the court took appellant's case away from the jury. At one point in the record it appears that the defendant in execution, Wright, testified that he owned no interest in the land he cultivated, and to sustain the mortgage as a conveyance of an equitable interest in the crops of the next succeeding year he must have had a then present interest in the land upon which they were to be raised.—*Paden v. Bellenger*, 87 Ala. 575, 6 South. 351. But this testimony of the witness cannot suffice to justify the general charge against appellant, for his further testimony, and the immediate context of the expression itself, very clearly shows that he meant that he had no interest in the land other than that acquired by his contract of rental; at least it was for the jury to say upon the whole evidence whether he had an interest such as would give vitality to the crop mortgage. If Wright was in possession at the time of the mortgage as a tenant under a contract covering the next as well as the current year, the mortgage of crops to be raised during the next year

[Ex Parte Peters.]

was good as against parties affected with notice of its existence.
—*Anders Mercantile Co. v. Rice Bros., supra; Windham v.
Stepheson,* 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910,
130 Am. St. Rep. 102; *Paden v. Bellenger, supra.*

We find in the record no evidence of other consideration on
which the ruling in question might have been plausibly based.
The question of appellant's superior right was one for the jury.
For error in giving the general charge in favor of appellee, the
judgment must be reversed, and the cause remanded for an-
other trial.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and THOMAS, JJ., concur.