(90 South. 310)

**VINSON BROS. et al. v. FINLAY.**
(3 Div. 490.)

(Supreme Court of Alabama. Oct. 20, 1921.)

1. **Chattel mortgages** ⊜12—**To create a lien on crops to be grown against a third person they must be the contemplated product of land in which mortgagee has a "present interest."**

While the subject-matter of a chattel mortgage need not have identity or separate existence in itself, it must be the product, growth, or increase of property which has at the time an existence, and in which the mortgagor has a present interest, and to create a specific lien on crops, such as will prevail against third persons who acquire a specific interest therein, they must be the contemplated product of land in which the mortgagor has a definite present interest; the "present interest" required being a present interest in the usufruct period.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Present Interest.]

2. **Chattel mortgages** ⊜12—**Title of mortgagee under mortgage executed in 1915 on crops raised by tenant from year to year held not valid as to crops of 1920 against third persons.**

Where a landowner on renting in 1915 took a mortgage from the tenant on crops raised during the current year and every succeeding year on the rented premises or any place rented by the tenant, and the lease was for one year only, with an agreement to rent for succeeding years if the parties could agree upon terms, the tenant did not have such an interest in the land as to make the mortgage valid against third persons as to a crop raised in 1920.

Appeal from Circuit Court, Escambia County; A. E. Gamble, Judge.

Action by H. D. Finlay against Vinson Bros. and others. From judgment for plaintiff, defendants appeal. Reversed and remanded.

E. S. Thigpen, of Andalusia, and Herbert C. Rankin, of Brewton, for appellants.

The defendants were entitled to the affirmative charge under the evidence in this case. 188 Ala. 389, 66 South. 460; 16 Ala. App. 649, 81 South. 141; 4 Ala. App. 603, 58 South. 789; 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; 1 Ala. App. 405, 55 South. 269; 195 Ala. 353, 70 South. 153; 72 Ala. 336; 71 Ala. 278; 121 Ala. 329, 25 South. 800; 195 Ala. 65, 70 South. 282; 1 Ala. App. 407, 56 South. 102; 76 Ala. 351; 108 Ala. 255, 19 South. 318; 105 Ala. 632, 17 South. 109.

Hamilton, Page & Caffey and Ed. Leigh McMillan, all of Brewton, and Smiths, Young & Leigh, of Mobile (Norvelle R. Leigh, Jr., of Mobile, of counsel), for appellee.

The mortgage constituted a valid lien on the crops grown by the mortgagor during the years 1919 and 1920. 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; 187 Ala. 468, 65 South. 388; 89 Ala. 590, 7 South. 234; 8 Ala. App. 549, 63 South. 31; 185 Ala. 275, 64 South. 74; 195 Ala. 65, 70 South. 282; 7 N. Y. 472, 57 Am. Dec. 538; 16 R. C. L. 615. A valid assignment of rent may be made by parol. 112 Ala. 278, 20 South. 381; 182 Ala. 83, 62 South. 15; 60 Ala. 448.

SOMERVILLE, J. The action is by a mortgagee of cotton against a subsequent purchaser, for damages for the destruction of plaintiff's mortgage lien.

[1, 2] The mortgage in question was executed to plaintiff by one Kelly on April 15, 1915, and covered all of the cotton and other crops raised during the current year, and every succeeding year until the mortgage was satisfied, on the mortgagor's own place, or on any place rented by him. The cotton here involved was raised by the mortgagor during the year 1920, on a place rented by him from one Jackson. It is the contention of the defendants—appellants here—that when said mortgage was executed, in April 1915, the mortgagor had no such interest in the land upon which this cotton was grown in 1920 as could give potential existence to such cotton, and thereby render it subject to the previous mortgage conveyance. The general principle is thoroughly well settled that, while the subject-matter of a chattel conveyance need not have identity, nor separate existence, "yet it must at least be the product, or growth, or increase of property,

which has at the time a corporal existence, and in which the mortgagor has a present interest, not a mere belief, hope or expectation, that he will in future acquire such an interest." Paden v. Bellenger, 87 Ala. 575, 6 South. 351; Sellers v. Hardaway, 188 Ala. 388, 66 South. 460; Gilliland Co. v. Pond Bros., 189 Ala. 542, 66 South. 480, cited in note, L. R. A. 1917C, 15. In the last-cited case we said:

"It is necessary, however, for the creation of a specific lien on such crops—such as will prevail against third persons who * * * acquire a specific interest therein—that they must be the contemplated product of land in which the mortgagor has a definite present interest, as distinguished from a mere possible or expectant future interest."

[2] The undisputed evidence in this case shows that the mortgagor, Kelly, originally rented the land in question in the early part of 1915 for that year only, and that for each succeeding year down to the present he made a new and independent rental contract, with increases in the rental price after the first year. Taking that phase and theory of the evidence which is most favorable to the plaintiff, the most that can be said of the contract made in 1915 is that the landlord agreed to rent the land to the tenant for succeeding years if the tenant should desire it, and if they could agree upon the terms, in common parlance, as the landlord himself expressed it, the tenant was to have the refusal of the land on the landlord's terms. Such a contract falls far short of creating a present interest in the land covering the period of intended production. It is a mere option on the part of the tenant to bid for the land before it is offered to another. The mere expectation of the tenant that he might choose to rent the land in the year 1920, if it then suited his convenience and inclination to do so, was not sufficient. Moreover, the exercise of that choice was subject to the contingency of his future agreement with the landlord upon such terms of rental as the latter might then see fit to impose.

It is clear, therefore, that the cotton actually raised on the land in 1920, under the new and different contract made for that year, had no potential existence as the property of the mortgagor in 1915, or at any time prior to the making of the later lease. To hold otherwise would, we think, be a plain violation of principle, without any reason in justification.

The cases cited in brief for plaintiff are not opposed to this conclusion.

In Littleton v. Abernathy, 195 Ala. 65, 70 South. 282, the tenant had taken possession of the rented land under a verbal lease for three years, pending which the mortgage was executed. Obviously there was, as held, a present interest in the land for the third year of the lease, notwithstanding the lessor might, before the payment of the first year's rent, have avoided the lease by setting up the statute of frauds. A similar case is that of Phillips, etc., Co. v. Banks, 8 Ala. App. 549, 63 South. 31; Ex parte Banks, 185 Ala. 275, 64 South. 74.

In J. H. Anders Co. v. Rice Bros., 187 Ala. 468, 65 South. 388, it was held that proof of possession and use of the land at the time of executing the mortgage and extending through the following year in which the crops were raised was sufficient to establish the lien of the mortgage during the period of such possession. There was no evidence showing a restriction of the mortgagor's possessory right to a period which terminated before the year in which the contested crops were planted. The mortgagor lived on the land with his wife, who was the owner, and there was no evidence of a lease. We do not interpret the language of the opinion as meaning anything more than that the mortgagor's possession imported prima facie a possessory interest coextensive with the period of possession. If it meant that a possessory interest in the mortgagor on the day he gives the mortgage, even though it should terminate on the same day, would be sufficient to then bring into potential existence, as the property of the mortgagor, crops which he might plant on the same land years afterwards under some possessory interest to be afterwards contingently acquired, we would feel called upon to pronounce the dictum unsound. Certainly a present interest in land cannot give present potential ownership to anything that is intended to be produced thereon after that interest shall have terminated. The "present interest" which the principle requires is a present interest in the usufruct period.

The case of Hurst v. Bell, 72 Ala. 336, which would support the claim of the mortgagee in this case, has been several times criticized as going too far (Fields v. Karter, 121 Ala. 329, 333, 25 South. 800), and as being out of line with the firmly settled doctrine of the later cases. Sellers v. Hardaway, 188 Ala. 388, 66 South. 460; Gilliland Co. v. Pond Bros., 189 Ala. 542, 66 South. 480.

Upon the considerations above stated, we hold that the plaintiff has showed no right to recover, and that the trial judge should have instructed the jury peremptorily for the defendants, and that the refusal to do so, as requested by them, was error which must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.