(104 So. 139)

### SEWELL v. RICHARDSON et al.
### (7 Div. 109.)

(Court of Appeals of Alabama. April 21, 1925.)

1. **Chattel mortgages** ☞17—**Crop incorporated in mortgage must be contemplated product of land in which mortgagor had an interest to create a lien against third persons.**

To create a title or lien by mortgage on crops to be grown as against third persons, such crops included in mortgage must be con-templated product of land in which mortgagor had, at the time, a present or potential interest.

2. **Chattel mortgages** ☞177(3)—**Evidence as to when mortgagor rented land on which mortgaged cotton was grown, held relevant.**

In trover for cotton covered by mortgage, evidence as to when mortgagor rented land on which cotton was grown was relevant to issue whether mortgagor had any interest in land when mortgage was executed.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action in trover by W. A. Sewell against J. K. Richardson and the Farmers' & Merchants' Bank. Judgment for defendants, and plaintiff appeals. Affirmed.

Motley & Motley, of Gadsden, for appellant.

It is immaterial when land on which the cotton was grown was rented. Brandon v. Progress Dist. Co., 167 Ala. 365, 52 So. 640.

Hugh Reed, of Center, for appellees.

The burden was upon plaintiff to show the mortgagor had an interest in the land at the time of executing the mortgage upon the cotton. Alexander v. Garland, 209 Ala. 267, 96 So. 138; Richardson v. Sewell, 19 Ala. App. 399, 97 So. 678.

SAMFORD, J. [1, 2] The right of recovery by plaintiff rested solely upon the validity of a certain mortgage executed by Gordon Nixon and C. G. Nixon, under date of January 1, 1920, and payable to plaintiff, on the 15th day of October, 1920. Richardson v. Sewell, 19 Ala. App. 399, 97 So. 678. To create a title or lien by mortgage on crops to be grown, as against defendants who are third persons, such crops included in such mortgage must be the contemplated product of land in which the mortgagor had, at the time, a present or potential interest. Vinson Bros. v. Finlay, 206 Ala. 478, 90 So. 310; Smith v. Davenport & Co., 12 Ala. App. 456, 68 So. 545; Alexander v. Garland, 209 Ala. 267, 96 So. 138. This was one of the issues in this case, making the evidence as to when Nixon rented the land on which the cotton in question was grown relevant.

The foregoing authorities would also seem to settle this case. Under the evidence, it was a question of fact for the court, trying the case without a jury, to determine whether the cotton was covered by plaintiff's mortgage and, under the rule often announced, we will not disturb his finding.

We find no error in the record, and the judgment is affirmed.

Affirmed.