# Belser v. Youngblood & Sons.

*Action of Trover.*

103  545
120   70
─────
103  545
f134 238

1.  *Landlord and tenant; when sale of crop passes title to purchaser,
not making him responsible to tenant's mortgagee.*—When a tenant noti-
fies his landlord that the cotton due him for rent is packed in a bale,
has been set apart and is ready for delivery to him, this is a construc-
tive delivery, and if the landlord then instructs the tenant to sell the
cotton and bring him the proceeds therefrom, the sale vests a good
title to said cotton in the purchaser; and such purchaser is not liable
in an action of trover by the mortgagee in a mortgage given by the
tenant on the crops raised by him during that current year.

2.  *Same; when purchaser from tenant liable in trover.*—Where a ten-
ant, who has executed a mortgage on the crops grown on leased
premises, sells a portion of such crops without instruction or authority
from his landlord, the purchaser is liable in trover to the mortgagee,
though the proceeds of the sale were paid to the landlord in payment
of rent due him.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was an action brought by the appellees, Young-
blood & Sons, against the appellant, Belser, for the al-
leged conversion of three bales of cotton, upon which the
plaintiffs claimed to have a mortgage. The plaintiffs'
evidence tended to show, and it was undisputed, that
they held a mortgage on crops to be raised by one Henry
Mills, for the year 1892; that said Mills owned no lands,
but rented from others; that the defendant bought three
bales of cotton from said Mills which were raised by him
in the year 1892. With this proof, after proving the
value of the cotton, the plaintiffs closed.

The evidence of the defendant, which was also un-
contradicted, was to the effect, that the said Mills rented
land, in the year 1892, from Mrs. Lovejoy, Mrs. Strick-
land and Mr. Young; that the cotton which he pur-
chased from said Mills was raised on the lands of these
persons; that one of the bales was not raised by Mills
but belonged to Mrs. Strickland in her own right, and
said Mills, as her agent, sold it to the defendant, and
that when he purchased the other two bales from Mills,

he told defendant, that it was rent cotton. Defendant further proved, that of the other two bales he bought from said Mills, the first was rent cotton, raised on land that Mills had rented from Mrs. Lovejoy in the year 1892, for which rent he owed her 400 lbs. of lint cotton, which was included in said bale; that defendant rented land also, in that year, from Mrs. Strickland, for which he owed her 100 lbs. of lint cotton, and this 100 lbs. belonging to Mrs. Strickland was also included in that bale, which was ginned and packed of rent cotton belonging to said parties, Mrs. Lovejoy and Mrs. Strickland; that he notified each of said landlords, that her rent cotton was ginned and packed and at the gin house for her, and Mrs. Lovejoy sent him word to take it and sell it and bring her part of the money to her; and Mrs. Strickland authorized him also to sell it and bring her her part of the proceeds; that he accordingly sold the cotton to defendant and paid the proceeds to Mrs. Lovejoy and Mrs. Strickland; that the other bale sold to defendant by said Mills, was raised on land which he had rented from said Young in the year 1892, the rent payable in money; that said Young authorized said Mills to gather, pick and sell cotton and pay him the money; that he sold it and paid Mr. Young $26.50, and the balance was paid for picking, ginning and preparing the cotton for market.

On this evidence, the court charged the jury that if they "believed the evidence, they must find for the plaintiff for the value of the two bales of cotton admitted by defendant to have been raised by Henry Mills, the mortgagor, in 1892, and bought by defendant, with interest from the time of the conversion."

The appeal is to reverse the case on this charge.

PARKS & GAMBLE, for appellant.—The sale of the cotton to the defendant was authorized by the landlord of the tenant. There was a constructive delivery of the rent cotton to the landlord, who held the superior lien upon the same for the rent, and in discharge of which he had the legal right to deliver it to the landlord. After such constructive delivery the landlord had the right to direct its sale, and the purchaser acquired a good title.— *Rattary v. Cook*, 50 Ala. 352; *Dugan v. Nichols*, 125 Mass. 43; *Sanborn v. Benedict*, 78 Ill. 309.

[Belser v. Youngblood & Sons.]

JOHN D. GARDNER, *contra*.—The present case is controlled by the decision of this court in the case of *Keith v. Ham*, 89 Ala. 590.

HARALSON, J.—Touching the cotton sold to defendant by the mortgagor, grown on Mrs. Lovejoy's and Mrs. Strickland's places, the evidence is conclusive that they had a lien on the bale of cotton set apart to them, to the extent of their respective claims for rent—400 pounds to the one, and 100 pounds to the other; that the mortgagor, Mills, notified Mrs. Lovejoy, that her rent cotton was ginned, packed and at the gin house for her, and in reply, she sent him word, that he could take it and sell it and bring her her part of the money, for 400 pounds of the cotton; that Mrs. Strickland also authorized said Mills, her tenant, to sell her part of said bale and bring her the money, and that said Mills, accordingly, sold said bale of cotton to defendant, and paid Mrs. Lovejoy and Mrs. Strickland the proceeds.

In this transaction, then, it is manifest, that while the bale of cotton was not actually delivered to the landlords who had liens on it, it was, in the eye of the law, constructively delivered; and when they authorized the tenant, after the bale was set apart for them, to take it and sell it and bring them the proceeds, they and he stood related, as if he had actually delivered the cotton to them, and they had returned it to him for sale. He became their agent after that for its sale. The cotton became theirs, and if Mills had sold it and failed or refused to account to them for the proceeds, they could not have sued the purchaser for it. While it may be admitted, that if the landlords had not authorized the mortgagor tenant, to sell the particular bale of cotton, and bring them the proceeds, and he had, without their authority, sold it and paid the proceeds to them, the defendant would be liable to the plaintiffs, as mortgagees, for its value,—which seems to be the effect of our decision in *Keith & Son v. Ham*, 39 Ala. 590,—still, when these persons were notified that their rent cotton was ready, packed in a bale for them, and they instructed the tenant to take and sell it and bring them the proceeds, the sale vested a good title to the property in the purchaser, the defendant, and the case is taken from the influence of that decision.

[Moon v. Jacobs.]

The facts are different in respect to the bale raised on
Mr. Young's place.   There was no delivery of the bale
to him, actual or constructive.   The evidence does not
show that any particular bale was set apart, to which,
by his consent, his lien as landlord attached.   So far as
appears, Mr. Young had given his tenant no more au-
thority to sell this particular bale, than any other part
of the rent cotton.   The evidence goes no further than
to state, that Mr. Young authorized the tenant, Mills,
generally, to pick cotton, sell it and pay him the
money.   The plaintiffs had a lien on this bale, and all
the balance of the crop the tenant may have raised on
the Young place, subject to the landlord's lien; and it
would sanction a dangerous precedent, to allow the ten-
ant to sell, at his discretion, a part of the crop on which
the rent lien attached, before its delivery to the landlord,
and hold that the purchaser acquired a good title by such
sale, as against the mortgagee who did not consent
thereto.   This would be contrary to the former rulings
of this court.—*Keith & Son v. Ham, supra; Bird v.
Womack*, 69 Ala. 392; *Higgins v. Whitney*, 24 Wend.
380.

On the record as presented, the court erred in giving
the general charge for plaintiffs.   They were entitled to
recover no more than for the one bale of the Young
cotton.

Reversed and remanded.