# Beyer & Son *v.* Fields.

### *Action of Trover.*

1. *Action of trover; admissibility of evidence.*—In an action of trover to recover damages for the alleged conversion of a bale of cotton upon which the plaintiff had a mortgage, it is competent for the defendants to show that before they purchased the cotton it had been delivered to a third person who held a mortgage thereon prior to the mortgage given to the plaintiff, and that they had purchased said cotton upon ..ae direction of the prior mortgagee, and the proceeds thereof had been used by the mortgagor in paying said prior mortgage.

2. *Evidence; admissibility of parol evidence.*—Where the defendant in an action of trover introduced parol evidence to show payment of plaintiff's judgment and execution, it is competent for the plaintiff in rebuttal to also introduced parol evidence to show the amount of the judgment and execution, and that it had not been paid.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. O. KYLE.

This was an action of trover, brought by the appellee, A. E. Fields, agains the appellants, F. Beyer & Son, to recover damages for the alleged wrongful conversion by the defendant of one bale of cotton, by buying the same from Mrs. S. J. McAlpine, on which bale of cotton plaintiff had a mortgage.

It was shown by the evidence that Mrs. S. J. McAlpine had given to the plaintiff a mortgage upon her crop for the year 1896; that Mrs. McAlpine carried the bale of cotton which was involved in this controversy to the city of Cullman in November, 1896, and sold the same to the defendants. Mrs. McAlpine as a witness in her own behalf testified that prior to giving the mortgage to the plaintiffs she had given a mortgage on her crop for the year 1896 to one P. H. Kinney. The defendant then sought to introduce evidence to show

thatj when Mrs. McAlpine brought the cotton involved in the suit to Cullman she carried it to the defendants, and upon her telling them that Kinney had a mort-gage upon the cotton, the defendants told her to take it to Kinney; that she carried the cotton to Kinney, who told her he would not buy the cotton and instructed her to carry the bale of cotton and sell it to the defendants and bring him the money; that Kinney wrote the defendants an order to buy the cotton; that Mrs. Mc-Alpine did as she was instructed, sold the cotton to the defendants, and after dividing the proceeds with one William Shed, who had a one-fourth interest in the cotton, she carried the remainder of the purchase money to the said Kinney and paid it to him. The plaintiff objected to the introduction of this evidence, ·the court sustained the objection, refused to allow the defendants to introduce such evidence, and to this ruling the defendants duly excepted.

Mrs. McAlpine, while being examined as a witness, testified that she had paid the mortgage held by the plaintiff; that the plaintiff had recovered a judgment against her on the mortgage which he had agreed to compromise with her, and that she had paid the amount agreed upon to the agent or representative of the plaintiff. The plaintiff introduced in evidence the representative or agent who had the collection of the judgment which the plaintiff recovered against Mrs. Mc-Alpine, and upon his offering to show the amount of said judgment and that Mrs. McAlpine had never paid the amount thereof, the defendants objected to the introduction of such evidence, and duly excepted to the court's overruling such objection.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns the rendition thereof as error.

BROWN & CURTIS, for appellant, cited *Belser v. Young-blood,* 103 Ala. 545; *Beall v. Folmar,* 122 Ala. 414; *Mitchell v. Thomas,* 114 Ala. 459.

No counsel marked as appearing for appellee.

[Carter v. Fulgham.]

SHARPE, J.—The decision in *Belser v. Youngblood,* 103 Ala. 545, shows the trial court was in error in rejecting defendants' offer to prove that Kinney held a first mortgage on the cotton in question and that they bought the cotton from the mortgagor after she had carried it to Kinney and had been directed by him to sell it and bring him the money. Kinney if he had such a mortgage was entitled to receive the cotton, and with the mortgagor's consent to dispose of it by private sale, subject to accountability for so much as its value exceeded the sum secured by his mortgage; and evidence of the kind defendants sought to introduce was relevant as tending to show the cotton was in effect delivered to Kinney and that the mortgagor in selling to them was acting rightfully by authority of and as agent for Kinney. Such is the theory upon which in *Belser v. Youngbood, supra,* a case like this in principle, was distinguished from *Keith v. Ham,* 89 Ala. 590.

By first introducing oral evidence of the existence and payment of plaintiff's judgment and execution against the mortgagor, defendants opened the way for the opposite party to prove the amount of the judgment and execution by evidence of the same grade, and by the same course they were precluded to question the court's jurisdiction to render the judgment, even if it would otherwise have been subject to collateral attack.

Assignment of error number 1, not being referred to in briefs, is presumably waived.

Reversed and remanded.