# C. D. Chapman & Co. *v.* Metcalf.

## *Trover.*

(Decided Feb. 10, 1910. 51 South. 745.)

*Chattel Mortgages; Rights of Junior Mortgagee; Trover by.*— Where the mortgagor of cotton had picked out six bales and told the transferee of the senior mortgagee that he might take the cotton in payment of the mortgage, and such transferee directed the mortgagor to sell the cotton and pay the money to him, which he did, a junior mortgagee could not sue the purchaser of the cotton as for a conversion. since the cotton was constructively delivered to the transferee of the senior mortgagee, who held the legal title, and who authorized the mortgagor holding possession to sell it; hence, the junior mortgagor had no title and no right of possession on which to base his action.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Trover by C. D. Chapman & Co. against P. M. Metcalf, for six bales of cotton. Judgment for defendant and plaintiff appeals. Affirmed.

W. O. MULKEY, for appellant.—Mere direction to the mortgagor to sell and pay the money to the mortgagee is not tantamount to a delivery of cotton to the mortgagee.—*Keith v. Ham,* 89 Ala. 590. Where both parties

claim under the same person, the defendant cannot show an outstanding legal title in another with which he does not connect himself.—*Mitchell v. Thomas,* 114 Ala. 495.

C. D. CARMICHAEL, for appellee.—Counsel discuss the issues presented and insist that there was a constructive delivery of the cotton to the transferee of the senior mortgagee, that he thus obtained the legal title and directed its sale. Counsel discuss the authorities cited by counsel for appellant and conclude that they have no application.

MAYFIELD, J.—This action was originally brought by the appellants against the appellee to recover damages for the conversion of seven bales of cotton. The proof showed that the cotton was raised by one Howell, and sold by him to defendant; that plaintiffs held a mortgage on the cotton executed by said Howell to them; that Howell had executed other mortgages on the cotton to other parties, prior to the mortgage of plaintiff; that those prior mortgages were transferred and assigned to one Driver before maturity and before the alleged conversion of the cotton; that when a part of the cotton (three or four bales) was picked, and while the remaining part was being picked, the transferee of the prior mortgages went to see the mortgagor, to collect his mortgage debts; that the mortgagor told him that he had no money, but had three or four bales of cotton gathered, and would have six bales by the end of the week, and requested Driver, the mortgagee, to take the cotton. Driver replied, "No; you take the cotton, and sell it, and pay me the money." The mortgagor agreed to this, and did sell the six bales in question to the defendant, and paid the money to Driver, the mortgagee.

[C. D. Chapman & Co. v. Metcalf.]

While there was no actual delivery of the property to the mortgagee by the mortgagor, there was such a constructive delivery, and such an authorization of the mortgagor to sell the cotton for the mortgagee, as to constitute the former the agent of the latter, and to allow the purchaser to acquire the legal title to the cotton, and to protect him from liability to a second mortgagee, if the proceeds of the mortgage sale were not in excess of the prior mortgage debt. Driver was the owner of the legal title to the cotton in question, and the mortgagor was entitled to the possession, at the time of the sale. Until the debts secured by Driver's mortgages were paid, the plaintiff had no right or title, legal or equitable, to the cotton. There is no doubt, nor conflict in the evidence, that the particular sale of the particular six bales of cotton was authorized and ratified by Driver, the mortgagee, who held the legal title; and it was made by the mortgagor, who had the right to the possession, and had offered to deliver to the prior mortgagee, but who, instead, by an express agreement, sold the cotton and delivered the money to the prior mortgagee. The plaintiff, the third or fourth mortgagee, had no title to the property, and had no right to the possession at the time of the conversion. His only right was to pay off the prior mortgage debts and then subject the property to the payment of his debt. As he had neither the legal title nor the right to the immediate possession, he could not recover in this action of trover.

The case at bar is not within the rule announced in the cases of *Keith v. Ham,* 89 Ala. 590, 7 South. 234; *Bird v. Womack,* 69 Ala. 392; *Street v. Sinclair,* 71 Ala. 110. The distinction between those cases and this is clearly pointed out and followed in the cases of *Belser v. Youngblood,* 103 Ala. 545, 15 South. 863, and *Beyer v. Fields,* 134 Ala. 236, 32 South. 742.

The plaintiff showed no right to recover the six bales of cotton in question, nor did he show that he was damaged or injured by the sale to or by the plaintiff; but, on the other hand, it conclusively appears that defendant had a legal and equitable right to purchase the cotton and to sell it. If this were not true, he could not have acquired it from plaintiff, because plaintiff had no such right. The court properly gave the affirmative charge for the defendant as to these six bales of cotton.

The plaintiff having recovered damages for the remaining bale, he could not have been injured in the result of the trial.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.