# Whaley v. Bright.

*Bill for Receiver, and to Subject Crops to an Equity.*

(Decided November 7, 1914. 66 South. 644.)

1. *Mortgages; Crops; Rights of Mortgagee.*—Where a tenant held a lease on certain lands for a period of five years and executed a mortgage on all of his crops for the year 1910, and every year thereafter until the debt for which the mortgage was given to secure was paid, such years being within the leased term, the mortgage conveyed to the mortgagee the legal title to all the crops grown by the tenant on the leased lands for the year 1910, and the equitable title to all crops grown by him on such lands in the succeeding years of the life of the lease, and no longer.

2. *Same; Lien; Priority.*—Where a tenant under a five years lease executed a mortgage on crops grown by him during the year 1910, on said lands, and every year thereafter until the debt was paid, and the mortgage was filed for record on February 2, 1910, in the county where the land was situated, a subsequent mortgage executed by such tenant to another on the crops to be grown on said land in 1911, was subject to the prior mortgage, in a court of equity, to an amount sufficient to pay the debt secured by such mortgage.

3. *Same; Enforcement; Receivers; Subsequent Lienor.*—Where a chattel mortgagee had an equitable lien on the crops of a tenant for the year 1911, and the debt secured by the lien was larger than the value of the crop, and such equitable lien was superior to that of a subsequent mortgagee, such subsequent mortgagee could not complain of the appointment of a receiver to take charge of the crops and an order dismissing the cross bill seeking to enforce his mortgage.

4. *Landlord and Tenant; Lien; Assignment.*—Although a landlord is entitled to a lien on the crops grown on the rented premises for the rent, and any advancements in money, or other valuable things furnished the tenant, either directly or indirectly through another at the instance and request of the landlord for which the landlord is legally bound either before or at the time the advances were made (Sections 4734-4736, Code 1907) yet such lien is not assignable so as to vest in another a lien on the crops grown by the tenant, where the assignment is of his right to make advances to the tenant.

[Whaley v. Bright.]

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. M. Bright against J. R. Tolbert as mortgagor, and J. E. Whaley as subsequent mortgagee for a receiver for the crops grown by Tolbert for the year 1911, and to have such crops applied as a payment on the mortgage executed by Tolbert to complainant, in which Whaley filed his cross bill seeking to have an enforcement of his subsequent mortgage on the property of Tolbert. From a decree appointing a receiver and dismissing the cross bill, and granting complainant relief, respondent and cross complainant Whaley appeals. Affirmed.

W. E. JAMES, for appellant.

BROWN & GRIFFITH, for appellee.

DE GRAFFENRIED, J.—In the year 1910, Tolbert executed a mortgage to J. M. Bright to secure an indebtedness a part of which yet remains unpaid. The mortgage was made upon, among other things, "all of my crops of cotton, corn and other products I may raise or that may accrue to me in any legal manner during the year 1910 and every year thereafter, until this debt is fully satisfied."

At the time of the execution of the mortgage Tolbert was in possession of certain lands in Blount county, which he had leased for a term of five years from one Albrittain and which lands he was then cultivating. Under the authority of *Truss et al., Ex'rs, v. Harvey,* 120 Ala. 636, 25 South. 927—in which case a mortgage containing the above identical quoted stipulations was construed—this mortgage conveyed to Bright the legal title to all crops grown by Tolbert on said leased lands for the year 1910, and the equitable title to all the

crops grown by Tolbert on said leased lands during the years succeeding 1910 during the life of the lease, but not longer.—*Sellers & Orum Co. v. J. H. Hardaway & G. W. Covington,* 188 Ala. 388, 66 South. 460.

It follows therefore that as the lease, being for five years, extended beyond the year 1911, the said mortgage conveyed to Bright the equitable title to the crops grown by Tolbert on said leased premises for the year 1911.—*Truss et al., Ex'rs, v. Harvey, supra; Sellers & Orum Co. v. J. H. Hardaway & G. W. Covington, supra.*

2. The above mortgage was executed on January 31, 1910, and was filed for record in the probate office of Blount county on February 2nd, 1910. The leased lands were in Blount county, and the recordation of the mortgage gave constructive notice of its existence and of the lien which was created by it to all subsequent purchasers, mortgagees, etc.—*Truss v. Harvey, supra.*

It follows that the mortgage which was executed by Tolbert to J. E. Whaley in 1911—if it be treated as a valid mortgage—on the crops grown by Tolbert that year on the above lands, is, in a court of equity, subordinate to the lien created by the above mortgage from Tolbert to Bright. The Bright mortgage was of record in Blount county when the Whaley mortgage was executed, and the Bright mortgage is protected by our registration statutes.—*Truss v. Harvey, supra.*

3. Of course, under out statutes the landloard, Albrittain, had a lien upon the crops grown upon the rented premises, for his rent and for advances made by him, in money or other thing of value, either directly or indirectly through an other at his instance and request for which he became legally bound either before or at the time such advances were made.—Code, 1907, §§ 4734, 4736.

[Whaley v. Bright.]

The landloard, however, cannot assign his right to make advances to his tenant to another, and thus vest that other with a lien upon the crop grown, by such tenant. This proposition is clearly sustained by the authorities, and is admitted by counsel for appellant to be correct.—*Leslie v. Hinson,* 83 Ala. 266, 3 South. 443; *Henderson v. State,* 109 Ala. 40, 19 South. 733.

4. It seems to us that under the authorities above cited the complainant was entitled to the proceeds of the cotton which the receiver paid into the court. The complainant certainly had a right to invoke the jurisdiction of a court of equity to aid him in the enforcement of his equitable lien upon the crops of Tolbert, and as the complainant, under the evidence, had a claim upon the proceeds of the said crops, which was greater in amount than their value, and which claim was superior to that of respondent, we are unable to see how the respondent is in a position to complain of the orders of the chancellor made in the premises. The bill of complaint certainly contains equity, and, as the respondent's evidence failed to support the allegations of his cross-bill, the appellant cannot complain of its dismissal.

The decree of the chancellor was in accordance with the above views, and his decree is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.