(96 South. 138)

## ALEXANDER v. GARLAND. (7 Div. 372.)

(Supreme Court of Alabama. April 19, 1923.)

1. **Chattel mortgages** ⊜229(3)—**In action by mortgagee for conversion of cotton against purchaser from mortgagor, evidence of second mortgage properly excluded.**

In an action for conversion of a bale of cotton by a mortgagee of the grower against one to whom it had been sold, there is no error in rejecting evidence of a mortgage executed subsequent to plaintiff's mortgage, such evidence being irrelevant to any issue between the parties.

2. **Chattel mortgages** ⊜12—**Mortgagee of cotton, suing for conversion by purchaser from mortgagor, held not entitled to recover on showing made.**

In an action by a mortgagee for conversion of a bale of cotton against a purchaser from the mortgagor who grew the cotton, where there is no showing that, at the time of executing the mortgage, the mortgagor had any interest in the soil on which it was grown, either by lease or otherwise, denial of the general affirmative charge for defendant is error.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action in trover by J. M. Garland against John Alexander. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

C. A. Wolfes, of Ft. Payne, for appellant.

To create a lien on crops to be grown against a third person, they must be the contemplated product of land in which the mortgagor has a present interest. Vinson Bros. v. Finlay, 206 Ala. 478, 90 South. 310; Smith v. E. T. Davenport & Co., 12 Ala. App. 456, 68 South. 545.

Milo Moody, of Scottsboro, for appellee.

No brief reached the Reporter.

McCLELLAN, J. [1] Trover for the conversion of a bale of cotton, instituted by Garland, a mortgagee of Boozer, who raised the cotton in 1920, against Alexander, who bought the cotton that fall from Boozer. There was judgment for plaintiff. Two errors are assigned. The defendant (appellant) sought to introduce in evidence a mortgage executed subsequently to Garland's mortgage, by Boozer to the Tennessee Valley Bank. On objection, this mortgage was excluded. The mortgage to the bank was irrelevant to any issue between the parties, Alexander not being shown to have been in any wise interested in or the holder of the mortgage to the bank, nor did he refer any dealing he had with this cotton to that mortgage. The first assignment of error is without merit.

[2] It was shown without dispute that the cotton in question was raised on land rented by Jackson to Boozer; but there is no evidence that, at the time the mortgage of Boozer to appellee was executed, Boozer had then rented, or then had any interest in, the premises on which this cotton was grown. Without evidence tending to show that the mortgagor had a then present interest in the soil of which this cotton was a product, the plaintiff did not establish his right to recover for the alleged conversion of the cotton. 13 Mich. Dig. Ala. Rep. pp. 441, 442.

The appellant was erroneously refused the general affirmative charge requested for him.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.