**FARMER v. STATE. (7 Div. 861.)**

(Court of Appeals of Alabama. June 26, 1923. Rehearing Denied July 14, 1923.)

Intoxicating liquors ☜236(6½)—Conviction of possession sustained.

∴ Evidence *held* sufficient to sustain a conviction of possessing prohibited liquors.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

J. L., alias Lafayette, Farmer was convicted of possessing prohibited liquors, and appeals. Affirmed.

Certiorari denied, Ex parte Farmer, 210 Ala. 175, 97 South. 619.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel argue for error on the trial, but cite no authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The charge against this appellant was that he had in his possession spirituous, vinous, or malt liquors contrary to law. The prosecution originated in the county court, and from a conviction in that court he appealed to the circuit court, and was there tried by a jury and again convicted.

He offered no testimony in his own behalf. The testimony of the state tended to show that several state law enforcement officers were passing the house of defendant, who was at that time plowing over across the road from his house, and that when the officers got in sight he stopped his plow and went hurriedly across the road into his house; that the officers drove up in his yard, and some of them went to the rear of the house, while the others approached the front. Those who went to the back of the house saw the defendant with a pasteboard carton in his hands, and saw him set it down near a grind rock in the back yard. They testified that thereupon he turned and shook hands with state witness Scarbrough, who told defendant who he was, and defendant thereupon wanted him to come and go over the house, but Scarbrough told him to hold on, he wanted to see the contents of the box he had just placed upon the ground, and, upon examining the box, he found that the box contained 11 fruit jars of whisky. There was other testimony of like import, and, as stated, the defendant offered no testimony; this evidence was therefore without conflict, and was ample upon which to base the verdict rendered and to sustain the judgment of conviction pronounced.

During the trial and in brief of counsel the question as to whether or not the state's witnesses, the law enforcement officers, had a search warrant, was discussed, and several exceptions and insistencies are predicated upon this question. In view of the decisions in Banks v. State, 18 Ala. App. 376, 93 South. 293, 24 A. L. R. 1359, and in Ex parte Banks, 207 Ala. 503, 93 South. 472, this question need not be discussed.

---

The record is free from error. The judgment of the circuit court is affirmed.

Affirmed.