(97 South. 619)

### Ex parte FARMER. (7 Div. 427.)

(Supreme Court of Alabama. Oct. 11, 1923.)

Certiorari to Court of Appeals.

Isbell & Scott, of Ft. Payne, for petitioner. Harwell G. Davis, Atty. Gen., opposed.

PER CURIAM. Petition of J. L. Farmer for certiorari to the Court of Appeals, to review and revise the judgment and decision of said court in the case of Farmer v. State, 19 Ala. App. 358, 97 South. 618.

Writ denied.

---

(97 South. 647)

### E. W. & J. W. MORING v. HELMS.
### (4 Div. 72.)

(Supreme Court of Alabama. Oct. 11, 1923.)

Chattel mortgages ⬤⟹17, 33—A mortgage on crops to be grown in the future is void as to crops grown on a place in which the mortgagor had no interest at time, and is not agreement to mortgage.

A mortgage on all crops grown during certain years in which the mortgagor might be interested was a nullity as to crops grown on a place in which mortgagor, at the time of the execution of the mortgage, had no interest or agreement to acquire an interest, and cannot be given effect as an agreement to mortgage.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by E. W. & J. W. Moring against Jeff Helms. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

P. A. McDaniel, of Abbeville, for appellants.

The demurrer to the bill should have been overruled. Barker v. Barker, 126 Ala. 508, 28 South. 587; Goodlett v. Hansel, 66 Ala. 151; Burns v. Campbell, 71 Ala. 288; Varnum v. State, 78 Ala. 30; Farmer v. Sellers, 127 Ala. 315, 28 South. 450; Casey v. Holmes, 10 Ala. 776; Gould v. Womack, 2 Ala. 83; Robinson v. Mauldin, 11 Ala. 980; 2 Kent's Comm. (8th Ed.) 604.

D. C. Halstead, of Headland, for appellee.

No brief reached the Reporter.

SAYRE, J. Complainants, who appeal, filed this bill to foreclose a mortgage on the crops raised by defendant in 1922, and, in the alternative, to declare the instrument in question an agreement to mortgage, and to foreclose.

The crops mentioned in the bill were raised by defendant in 1922 on lands rented by him from one Kirkland. The mortgage under which complainants claim was executed June 25, 1921, and conveyed, among other things, "the entire crops of corn, cotton, cottonseed, potatoes, cane, peas, peanuts and hay raised by him [defendant] in which he may be interested during the years 1921, 1922, and 1923 on Dr. Floyd's place and B. J. Lindsey's place in Henry county, Ala., or elsewhere in Alabama." Defendant was a tenant on the lands of Floyd and Lindsey at the time of the execution of the mortgage. At that time he had no interest in the land of Kirkland, nor any agreement by which he was to acquire an interest therein, but afterwards he rented the land on which these crops were raised from Kirkland. In these circumstances complainants acquired no interest, legal or equitable, in the crops grown by the defendant on the Kirkland land in 1922. The mortgage was a nullity as to the crops in question (Burns v. Campbell, 71 Ala. 288; Windham v. Stephenson, 156 Ala. 345, 47 South. 280, 19 L. R. A. [N. S.] 910, 130 Am. St. Rep. 102) and, being a nullity, cannot be made effectual as an agreement to mortgage these crops.

In Booker v. Jones, 55 Ala. 266, relied on by complainants, the mortgagor had an interest in the land on which the crops were grown, though he had not then the possession thereof. Nor does the decision in Abraham v. Carter, 53 Ala. 8, quoted in Patapsco Guano Co. v. Ballard, 107 Ala. 716, 19 South. 777, 54 Am. St. Rep. 131, stand in the way, for here the future acquisition of the Kirkland land, as for anything appearing in the bill, was not contemplated at the time of the mortgage. In Burns v. Campbell, supra, it was said, with citation of cases and in consonance with reason, as it appears to us, that:

"If a tenant should mortgage such crops as might be raised or grown by him on some indefinite place which he expected to rent, the conveyance would, we apprehend, be inoperative and void, as an attempted conveyance of a mere possibility or expectancy, not coupled with any interest in, or growing out of property."

The demurrer to complainants' bill was properly sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.