(101 South. 426)

WHITE et al. v. KINNEY. (6 Div. 160.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 9, 1924.)

1. **Frauds, statute of** ⊂⊃129(2)—**Agreement for use of land for year commencing in future held taken out of statute by part performance.**

Oral agreement for use of land for a year, commencing 20 days later, by its terms within statute of frauds (Code 1907, § 4289, subd. 1), was taken out thereof, under subd. 5, and relation of landlord and tenant created, when lessee, with lessor's permission, took possession and cultivated land and delivered crops to lessor, in payment of rent and advances.

2. **Chattel mortgages** ⊂⊃17 — **Equitable lien conveyed by mortgage of crop to be grown next year; mortgagor having potential interest in land.**

A mortgagor of crop to be grown by him having by an oral rent contract a potential interest in the land on which the crop was grown, and the mortgage being executed prior to the year in which crop was grown, an equitable lien only was conveyed. Code 1907, § 4894.

3. **Equity** ⊂⊃196—**In view of issue under bill and answer, no need of cross-bill to establish defendant's title or superior lien.**

In view of averment of bill to establish and enforce equitable lien on cotton by virtue of mortgage, put in issue by answer, that a defendant, claiming title to, or lien on the cotton, had no legal right or equitable title in it superior to complainant's title and lien, no cross-bill was necessary for such defendant to establish and have decreed his title or superior lien, or both.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Landlord and tenant ⬤⟳328(2) — Landlord had paramount lien on tenant's crop for. rent and advances.**

Under Code 1907, § 4734, landlord has paramount lien for rent and advances for enumerated purposes on crop grown on the rented land.

**5. Landlord and tenant ⬤⟳326(2)—Delivery of crop to landlord held to vest title in him, with power to apply it to rent and advances.**

Delivery of crop by tenant to landlord to pay rent, consisting of one quarter of the crop, and to sell balance and apply on advances, vested in the landlord title to the crop, with power to apply it to rent and advances.

**6. Chattel mortgages ⬤⟳138(3)—Lien on crops subsequent to landlord's inapplicable to part reserved as rent and delivered to landlord.**

Equitable lien of chattel mortgagee on crops subordinate to that of landlord's has no application to part of crop reserved as rent and delivered to landlord.

Appeal from Circuit Court, Cullman County; Osceola Kyle, Judge.

Bill in equity by E. C. Kinney against L. C. White and others, to enforce an equitable lien on cotton, etc. From a decree for complainant, certain respondents appeal. Reversed and remanded.

W. E. James, of Cullman, and James J. Mayfield, of Montgomery, for appellants.

The defendant, L. C. White, had no such interest in the property as would support the mortgage given to complainant. Windham v. Stephenson, 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; Paden v. Bellenger, 87 Ala. 575, 6 South. 351; Burns v. Campbell, 71 Ala. 271; Sellers & Orum v. Hardaway, 188 Ala. 388, 66 South. 460; Weil v. Flowers, 109 N. C. 212, 13 S. E. 761; Pinckard v. Cassells, 195 Ala. 353, 70 South. 153; Alexander v. Garland, 209 Ala. 267, 96 South. 138. Delivery of the cotton to the landlord in satisfaction of his lien passed the legal title. Code 1907, §§ 4736, 4737; Whaley v. Bright, 189 Ala. 134, 66 South. 644; Belser v. Youngblood, 103 Ala. 545, 15 South. 863.

Brown & Griffith, of Cullman, for appellee.

Appellee's mortgage created an equitable lien upon the crops. 4 Mayfield's Dig. 198; Whaley v. Bright, 189 Ala. 134, 66 South. 644. An existing verbal contract of rental was sufficient to create a present interest. Phillips-Neely Mer. Co. v. Banks, 8 Ala. App. 549, 63 South. 31; Grisham v. Lutric, 76 Miss. 444, 24 South. 169. To authorize relief in a court of equity allegations are as essential as proof, and in the absence of either, affirmative relief cannot be awarded. Hendrix v. So. Ry. Co., 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27; Bedell v. New Eng-

land Mort. Sec. Co., 91 Ala. 325, 8 South. 494; Alston v. Marshall, 112 Ala. 641, 20 South. 850; Cotton v. Scott, 97 Ala. 447, 12 South. 65; McLemore v. Mabson, 20 Ala. 137; Elyton Land Co. v. Iron Steam Bot. Works, 109 Ala. 602, 20 South. 51; Ketchum v. Creagh, 53 Ala. 228; Ashe-Carson & Co. v. Bonifay, 147 Ala. 377, 41 South. 816; Elyton Land Co. v. Iron Co., 109 Ala. 602, 20 South. 51; Hooper v. Strahan, 71 Ala. 76; Jacoby v. Funkhouser, 147 Ala. 260, 40 South. 291.

MILLER, J. This is a bill in equity by E. C. Kinney against L. C. White, A. P. White, W. A. Hendricks, and J. H. Clark. It seeks to have a mortgage given by L. C. White to E. C. Kinney, the complainant, declared and enforced by the court as an equitable lien upon four bales of cotton, and to have a receiver appointed to take charge of the cotton. The complainant brought suit in detinue against the mortgagee, L. C. White, for the four bales of cotton. A. P. White by affidavit and claim bond interposed a claim to the cotton. W. A. Hendricks was surety on his claim bond, and the cotton, before the bond was given, was stored by the sheriff in the warehouse of J. H. Clark. This bill was filed before there was any trial in the detinue suit. The parties agreed in writing in this cause, to prevent cost and the necessity for a receiver, that J. H. Clark retain the cotton in his warehouse, keep it insured, and to await the decree of the court, cost thereof to be paid out of the proceeds of the cotton.

There were no demurrers to the bill of complaint. The defendants put in issue by answer many of the material averments in the bill. The complainant examined 34 witnesses, including those recalled, and the respondents 23. There is much useless and irrelevant evidence in the cause. The court, by decree, held complainant was entitled to relief; that complainant "has a lien upon the four bales of cotton, * * * to secure the indebtedness evidenced by said mortgage, which said lien is superior to any claim or lien of the defendant A. P. White, or any other defendant * * * and that complainant is entitled to have said four bales of cotton subjected in this suit to the satisfaction of his said lien." The court by decree also found the defendant L. C. White owed complainant $532.97, secured by the mortgage on the cotton, and directed that the cotton be sold by the register, and from the proceeds be paid the costs of this suit, the attorney's fee secured by the mortgage, the insurance and storage charges, and the indebtedness due complainant under the mortgage, and the surplus, if any, be paid to defendant L. C. White, the mortgagor. The defendants L. C. White and A. P. White each appeal

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from this decree, and each separately assigns it as error.

The bill alleges, and the proof shows, that on December 10, 1920, the defendant L. C. White executed to the complainant a mortgage "on all my crops of cotton, corn, and produce I may raise during the year 1921," and on other personal property. It is not disputed that the mortgagor at that time owed complainant, secured by the mortgage, the sum of $618.95, and that he still owes him a balance thereon, which is the amount found due by the court. It is also undisputed that these four bales of .cotton were grown, in 1921, on land rented by him from his father, the defendant A. P. White.

[1] The bill alleges this mortgage, for the debt it secures, is an equitable lien on these four bales of cotton. This is denied by the defendants. They claim the rent contract for the land on which the cotton was grown was not made by the mortgagor with the landlord, A. P. White, until after the execution of this mortgage; that the mortgagor had no potential interest in this land on which the cotton was raised when the mortgage was executed, and the cotton was not grown the year of its execution, so this mortgage on the cotton is void. Moring v. Helms, 210 Ala. 175, 97 South. 647; Alexander v. Garland, 209 Ala. 267, 96 South. 138; section 4894, Code 1907. On this issue there was much evidence pro and con; some witnesses testified orally and others by depositions, and the court found—in which finding of fact we concur—that when the mortgage was executed and delivered by L. C. White to the complainant, on December 10, 1920, there was then a contract or agreement between A. P. White, the owner of the land, and L. C. White, the tenant, by which L. C. White was to have the use of, and the right to occupy and cultivate, this land, during the year 1921, on which the cotton was grown. True, this contract for rent of this land was for the year 1921. It was an oral contract, and was made on or before the tenth of December, 1920, and by its terms offended the statute of frauds. It was void on its face, because by its terms it was not to be performed within one year from the making thereof. Section 4289, subd. 1, Code 1907. But the proof shows that the tenant, L. C. White, had then taken, or soon thereafter took, possession of this land under this verbal contract, with permission of the landlord, the owner, cultivated this land as he agreed during the year 1921, and delivered the four bales of cotton to the landlord in payment or part payment of the rent and advances due him by the tenant. This placed the oral agreement without the influence of the statute. Section 4289, subd. 5, Code. This part performance of the contract gave life to the agreement, and creates the relation of landlord and tenant between the parties. It op-

erated to impart validity to an agreement otherwise void. Shakespear v. Alba, 76 Ala. 351; Martin v. Blanchett, 77 Ala. 288; Rhodes Furniture Co. v. Weeden, 108 Ala. 252, 19 South. 318.

[2] The mortgagor by the rent contract had an interest, potential interest, in the land on which the crop was grown when he executed the mortgage, and he thereby conveyed only an equitable lien on the cotton, as the mortgage was made and delivered prior to the year in which the cotton was grown. Section 4894, Code 1907; Sellers v. Hardaway, 188 Ala. 388, 66 South. 460; Alexander v. Garland, 209 Ala. 267, 96 South. 138; Moring v. Helms, 210 Ala. 175, 97 South. 647.

[3] The court, in its opinion, found that the evidence shows without dispute that A. P. White was the landlord of L. C. White, the mortgagor, for the year 1921, and as such landlord has a superior lien to all others for rent and advances furnished to make the crop. But the court decreed the equitable lien of complainant "as superior to any claim or lien of the defendant A. P. White upon said four bales of cotton," because A. P. White did not file an answer in the nature of a cross-bill setting up his claim and lien on this cotton, requesting it to be declared and enforced by the court. We cannot concur in this part of the opinion and decree of the trial court. The complainant avers in the bill that he filed a detinue suit for the four bales of cotton against L. C. White, and that A. P. White made affidavit and gave claim bond, claiming a lien on or title to the cotton, and that complainant, by the mortgage, has no legal title to the cotton. These facts are admitted in the pleading. He avers the defendant A. P. White claimed some title to or lien on this cotton. The complainant averred in the bill that he, by his mortgage, has an equitable lien on this cotton, and, to establish it, he proved that there was at the time of the execution of the mortgage a rent contract between the mortgagor and A. P. White for the land on which the cotton was grown for the year 1921; and this contract created the relation of landlord and tenant between the mortgagor and A. P. White. Then the complainant directly avers in his bill, on which the defendants join issue by denying it in their answers, the following:

"Complainant is not advised in full as to the nature and extent of the claim of said A. P. White in said cotton, but avers that said A. P. White has, in fact, no legal right or equitable title in said cotton that is in any way superior to complainant's title and lien, but that whatever right or title he has in said cotton is subordinate to complainant's title and lien."

This puts in issue the title to the cotton, and whether the lien of complainant on the cotton or the lien or title of A. P. White

therein is the superior. It was unnecessary, under the averments and pleadings in this cause, for A. P. White to make his answer a cross-bill, in order to establish his title to or superior lien, one or both, to the four bales of cotton. Under the issues no necessity exists to stay proceedings in this cause and require a cross-bill. In re Tallassee Mfg. Co., 64 Ala. 568–601.

[4] A. P. White, the landlord, under his rent contract with the mortgagor, L. C. White, the tenant, had a lien on the crops grown on this land for the rent, and for advances made by him in money or other thing of value, either by him directly or by another at his instance or request, for which he became legally bound or liable, at or before the time such advances were made, for the sustenance or well-being of the tenant or his family, or for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market; and this lien for the rent and for such advances of A. P. White on the crop, this four bales of cotton, which was grown on the rented land, is paramount to, and has preference over, all other liens thereon. Section 4734, Code 1907; Whaley v Bright, 189 Ala. 134, 66 South. 644.

[5] The evidence shows, without dispute, there was a rent contract between A. P. White, as landlord, and L. C. White, as tenant, for this land for the year 1921. L. C. White, under the contract, was to pay A. P. White one-fourth of the cotton and one-third of the corn grown on the land for the rent. A. P. White made advances to L. C. White in money and other things of value, either directly or indirectly through another, at his instance and request, for which he became legally bound, either before or at the time such advances were made; and these advances, under the statute, by the landlord to the tenant, from the evidence, aggregated between $250 and $300. L. C. White, the tenant, delivered these four bales of cotton to A. P. White in part payment of rent, and the balance to be sold and credited on the advances. The cotton was in possession and control of A. P. White under that delivery when it was seized by the sheriff under the detinue writ. A. P. White regained possession and control of the four bales by making affidavit and filing claim bond with the sheriff, claiming title to or lien on it. One-fourth of the cotton crop belonged to A. P. White for rent, and, when the cotton was delivered to him by the tenant as part payment on the rent and the advances, this vested in the landlord the title to the cotton, with the right to apply sufficient amount thereof to the payment of the rent due him and to dispose of the balance and apply the proceeds to the advances due him by the tenant. Belser v. Youngblood, 103 Ala. 545, 15 South. 863;

Chapman v. Metcalf, 165 Ala. 567, 51 South. 745.

[6] The complainant has no lien on that part of the four bales of cotton delivered to A. P. White by the tenant to which he was entitled as rent. That part of the cotton belonged to the landlord. The complainant has an equitable lien on the balance of the four bales of cotton, but it is subordinate to the superior paramount lien of A. P. White thereon for the advances made to the tenant under the statute. The complainant has the right to have the cotton held by the landlord for advances sold to pay the prior lien debt due the landlord for the advances and the balance applied to the payment of his equitable lien debt on this cotton. Chapman v. Metcalf, 165 Ala. 567, 51 South. 745, § 4734, Code 1907, and authorities, supra.

The court should have found and decreed what part of the four bales of cotton belonged to the landlord, A. P. White, for rent, and directed that it be delivered to him, and should have ascertained the amount due A. P. White by the tenant for advances made under the statute, and should have ordered the balance of the cotton sold, and out of the proceeds be paid, first, the storage and insurance charges due thereon to J. H. Clark, as per agreement of the parties in the record; second, the amount due A. P. White by the tenant for advances made by him or another, at his instance or request, for which he became legally bound or liable under the statute (section 4734); third, the cost of the cause; and the balance, if any, to the complainant on his mortgage debt, including a reasonable attorney's fee secured by it. Authorities, supra.

The decree will be reversed, and the cause remanded, that the trial court may proceed with the cause and render a decree according to the opinion of this court.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.