(108 So. 31)

### AVONDALE MILLS v. ABBOTT BROS.
### (7 Div. 640.)

(Supreme Court of Alabama. April 1, 1926.)

**1. Chattel mortgages ☞47—Mortgage, to be constructive notice to third persons, must so describe property that from description itself, or inquiries suggested by mortgage, they can ascertain property covered or intended to be covered by mortgage.**

To be constructive notice as to third persons, chattel mortgage must so describe property that such persons, from description itself or from inquiries suggested by mortgage, will be able to ascertain property covered or intended to be covered.

**2. Chattel mortgages ☞17.**

A mortgage of crops not yet planted, and to be grown on land to which mortgagor, on date of execution of mortgage, has no title or right of possession, is invalid under Code 1907, § 4894, as the crop has no potential existence to which title or lien can attach.

**3. Chattel mortgages ☞39—In action by chattel mortgagee for destruction of lien on cotton, evidence held not to show that mortgagor, at time mortgage was executed, possessed or owned land on which cotton was grown (Code 1907, § 4894).**

In action by chattel mortgagee against bona fide purchaser for value for destruction of plaintiff's lien on cotton, evidence *held* not to show that land on which cotton was raised was owned by or in possession of mortgagor on date when mortgage was executed.

**4. Chattel mortgages ☞36.**

Chattel mortgagee, suing for destruction of lien on cotton, has burden of showing potential existence and title, or lien.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action by Abbott Bros. against the Avondale Mills for conversion and destruction of a lien upon cotton. From a judgment for plaintiffs, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

M. M. Smith and Frank B. Embry, both of Pell City, for appellant.

There is no evidence that the property had potential existence at the time the mortgage was executed, and no lien attached to said property. Code 1923, § 9008.

Starnes & Starnes, of Pell City, for appellee.

The mortgage was duly recorded, and was notice to every one, including subpurchasers. Chadwick v. Russell, 23 So. 524, 117 Ala. 290; J. S. Carroll Mer. Co. v. Folmar, 70 So. 985, 14 Ala. App. 378; W. B. Smith & Sons v. Gay, 106 So. 214.

THOMAS, J. The trial was before the court without a jury and on evidence given ore tenus. The judgment was for plaintiff.

The evidence fails to show that, when defendant purchased the cotton from a third person, it had any knowledge, or facts calling for inquiry, of plaintiff's mortgage lien. The mortgagor was not connected with the sale, having delivered the cotton to the agent of the bank, who sold the same and credited the proceeds to the debt of the mortgagor to the bank.

[1] A mortgage, to be constructive notice as to third persons, must so describe the property that such persons, from the description itself or from the inquiries suggested by the instrument, will be able to ascertain the property covered thereby or that was intended by the parties thereto to be covered. For example, crops raised by a mortgagor for the designated year and thereafter until the debt was paid was held a sufficient description in Truss v. Harvey, 24 So. 927, 120 Ala. 636, Whaley v. Bright, 66 So. 644, 189 Ala. 134, and Windham v. Stephenson, 47 So. 280, 156 Ala. 341, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; and each succeeding year was upheld in Winston v. Farrow (Ala. Sup.) 40 So. 53, and Holst v. Harmon, 26 So. 157, 122 Ala. 453.

The effect of section 4894 of the Code of 1907 has received consideration by this court. In Truss v. Harvey, 24 So. 927, 120 Ala. 636, it was held:

"Although a mortgage of crops not yet planted only creates an equitable interest, the registration of such mortgage in the county in which the lands upon which the crops are situate, and where the mortgagor resides, operates, under the statute (Code of 1896, § 991) as constructive notice of the lien of such mortgage to a purchaser of such crops in another county."

Thus the effect of section 3373 of the Code of 1907 was not restricted as to notice of the contents of conveyances as only convey the legal title to property as distinguished from an equitable title. Truss v. Harvey, supra; Whaley v. Bright, supra; Woods v. Rose & Co., 33 So. 41, 135 Ala. 297.

The question of fact therefore is that of whether the evidence shows, as required, that the cotton was in fact subject to the mort-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gage attempting to convey the crops thereafter to be grown on the mortgagor's land within the term embraced therein, and as follows:

"* * * Party of the first party hereby grant, bargain, sells, and conveys to the party of the second part the entire crop of corn, cotton, cotton seed, hay, oats, grain, and all other crops or produce of every description raised by the party of the first part on the land owned or rented by said party for the years, 1923, 1924, 1925, in said state; also all the rents or claims for advances due or to become due to the party of the first part as landlord from any tenant in said county during said years; also, the following described estate and personal property. * * *"

Mr. Fay, the president of the Union State Bank, testified, as to his dealings with the mortgagor as to the bale of cotton stored in Jake Garry's barn in the latter part of 1924, that the cotton was placed there by the mortgagor's son after the arrangement for temporary storage was made by witness; that a short time thereafter the mortgagor asked witness if he had sold the cotton, and witness "got hold of old man Adams and had him to load it on his wagon and take it to" defendant, where it was sold, and the proceeds deposited in said bank to the credit of Dr. Bradford. Defendant asked the witness "if the bank didn't give Dr. Bradford credit on his account with the bank, his indebtedness to the bank," and the court sustained plaintiff's objection, and defendant excepted. This ruling is assigned as error.

[2, 3] The simple question of fact then is, Has plaintiff shown title or lien on the cotton, as against such bona fide purchaser for value, conceding the effect of the registration statute as to constructive notice? It is shown without dispute that the bale of cotton was grown by L. H. James, the tenant of Bradford for the year 1924 on "Bradford's place." Bradford does not testify when he acquired the land of said tenant. The mortgage was executed by B. R. Bradford on November 15, 1922, and described lands by government numbers, etc. The testimony of L. H. Jones for plaintiff was:

"That he knew B. R. Bradford; that he lived on said Bradford's land in the year 1924; that he lived on J. K. Bradford's land in the year 1923, near Easonville. Witness further stated that he was not Dr. Bradford's tenant in the year 1923, that he worked for him some by the day; that· he mostly did hauling; * * * that he hauled one bale in 1924; that he hauled said bale of cotton to Pell City and stored it in Garry's stable; that he brought said bale of cotton from Dr. Bradford's place; that said bale of cotton was raised on Dr. Bradford's place; that witness raised said bale of cotton, and it weighed five hundred and odd pounds, don't remember the odd pounds; that witness left said bale of cotton at J. Garry's stable; that he only hauled one bale to Garry's stable; * * * that witness was a tenant on Dr. Bradford's place, and said cotton was Brad-

214 ALA.—24

ford's rent: that witness had nothing to do with the Avondale Mills in regard to said bale of cotton, and that witness did not know what become of said cotton; that witness left it at J. Garry's stable; that said bale of cotton was grown by witness in the year 1924; * * * that witness made two bales of cotton said year, and he asked Dr. Bradford which did he want to divide by, the dollar or by the cotton, and he said for me to use my own judgment, and I just brought him one bale up there and stored it in Garry's store, and carried the other one off; that Dr. Bradford's son, John Neely, told witness to store the cotton at that place. Witness further stated that he was working Bradford's land on the halves."

The testimony is silent as to the necessary fact that the land on which James raised this cotton for Bradford was owned by him or was in his possession on the date when the mortgage was executed. Without this fact the cotton produced in 1924 by James had no potential existence when the mortgage was executed. There was no evidence that L. H. James had contracted for a tenancy with the mortgagor at the time the mortgage was made; hence no title or lien could attach to said bale of cotton without the required character of title or potential existence sufficient for the lien at the time the relation of mortgagor and mortgagee was created. Code 1923, § 9008, and authorities collected: section 4894, Code of 1907; W. B. Smith & Sons v. Gay (Ala. App.) 106 So. 214; White v. Kinney, 101 So. 426, 211 Ala. 624; Moring v. Helms, 97 So. 647, 210 Ala. 175; Alexander v. Garland, 96 So. 138, 209 Ala. 267; Sellers v. Hardaway, 66 So. 460, 188 Ala. 388.

It is true that the mortgagor testified that he thought there were three bales and a remnant of cotton raised on his place in 1924; that Lon James got half of said cotton and witness "turned one bale of cotton over to C. R. Fay. That is the bale in dispute stored in Garry's stable; Lon James sold the remainder of said cotton and brought me the money"; that witness did not think he ever saw the bale of cotton that was delivered to Garry's stable; "that was the bale of cotton grown by this man James" that was his rent. That is not sufficient to show that the bale of cotton was grown on the mortgaged lands. The mortgagor may have thereafter acquired other lands, after the execution of the mortgage and before the year 1924. Pinckard v. Cassels, 70 So. 153, 195 Ala. 353; Mayer & Co. v. Taylor & Co., 69 Ala. 403, 406, 44 Am. Rep. 522; Gilliland v. Pond Bros., 66 So. 480, 189 Ala. 542.

[4] The burden is upon plaintiff to show potential existence and title or lien.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.