(124 So. 234)

## CHANDLER et al. v. CITIZENS' BANK OF GUNTERSVILLE. (8 Div. 120.)

Supreme Court of Alabama. Oct. 17, 1929.

Wm. C. Rayburn, of Guntersville, for appellants.

D. Isbell, of Guntersville, for appellee.

SAYRE, J. Action of trover by appellee against appellants.

Defendants demurred to the several counts of the complaint, the principal objection being that they contained blank dates; but the record shows no ruling, and, in this connection, there is nothing to be reviewed.

Appellee proved its right of action through a mortgage executed to it by one Gibson covering his crops of "corn, cotton and produce." Appellee showed a purchase by appellants of four bales of cotton raised on Gibson's place. But three of these bales had been raised by tenants, and the court in its charge to the jury definitely excluded the purchase of these three as a basis of recovery, and, evidently, the jury gave a verdict in favor of appellee for one bale only, so that there can be no reversal on account of rulings which had reference to the three bales exclusively, even though some of them were erroneous, which we do not decide to have been the case.

The only suggestion of error in appellants' brief—apart from that already considered—is that there was no proof that appellants had notice of appellee's mortgage lien on the bale raised by Gibson and purchased by them, and hence ought not to be subjected to liability on that account. Appellants' purchase of the bale in question was made upon the streets of Guntersville and, of course, away from the mortgagor's farm. But appellee's mortgage had been duly recorded, and that operated as notice to all the world. Woods v. Rose, 135 Ala. 297, 33 So. 41; Avondale Mills v. Abbott, 214 Ala. 368, 108 So. 31.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.